The defendant herein, on October 26, 1942, issued to Icelenna Landry, wife of plaintiff, an industrial life insurance policy wherein he was named beneficiary. The insured died of syphilis of the lung on May 25, 1944. This suit to recover the face amount of the policy was instituted by the beneficiary after the insurer denied liability. Defendant resists the demand on the ground of lack of coverage; that is, that as the insured died of syphilis, a venereal disease, and death from such a disease having been expressly excluded from coverage, no liability for payment of the amount of the policy or any part thereof devolved upon it at the death of the insured. The policy contract is attached to and made a part of the petition.
Exceptions of no cause and no right of action were filed in limine and referred to the merits. Trial, after issue joined by answer, resulted in judgment for defendant rejecting plaintiff's demand, from which he appealed to this court.
The policy contract is in printed form and embraces both sides of one large *Page 430 
sheet of paper. On the front page, in medium size pica type, appears the obligation of the insurer: "upon receipt of proof of the death of the Insured within the term of Twenty years from the date hereof and while this Policy is in full force and effect, and upon surrender of the policy and premium receipt book, will pay the amount of the insurance herein specified to the beneficiary named in Schedule below, less any indebtedness due the Company, unless payment be made under the provisions of the Facility of Payment Clause."
This is followed by the Schedule to which referred, which contains the number of the policy, names of insured and beneficiary, age of the insured, amount of weekly premiums, and the amount of death benefit, or $160. Immediately below this Schedule, in plain pica type, is this clause: "The Provisions and Benefits printed or written on the reverse side are a part of this Policy as fully as if recited over the signatures hereto affixed."
Under the heading "Conditions" on the reverse side of the policy, the following paragraph, with twelve others, appears, to-wit: "Incontestability. — This Policy shall be incontestable after one year from date of issue except for non-payment of premiums and except for misstatement of the Insured, and except for the following provisions of this paragraph: Benefits will not be paid at any time for death resulting from any disease contracted or injuries before the date of this Policy nor at any time for death resulting from violation of law, immorality, alcoholism, venereal diseases or from an intentional act of any person other than the Insured. * * *"
The other twelve paragraphs have each a heading that in a general way indicates, respectively, the nature of the subject matter thereof. They are: "Preliminary Provisions, Payment of Premiums, Facility of Payment, Proofs of Death, Legal Action and Prescription, Revivals, Change of Beneficiary, Grace Period, Privilege of Conversion, Paid-Up Life Insurance and Claims Resulting From War".
The position of plaintiff, with respect to the provision excluding from coverage death from venereal disease is that, on the face of the policy, there appears nothing to indicate limitation of coverage unless it be the sentence quoted above that follows the Schedule. It is said: "Even this reference is misleading in that it hints that such provisions as are printed on the reverse of the policy are 'benefits' ".
In a policy of this character it is practically impossible to print on the first page in type large enough to be easily read by the average person, all the essential conditions and provisions thereof. Of necessity these conditions and provisions must be carried forward to another page of the physical contract. Out of an abundance of caution, to the end that any one who reads the face or front page of the policy contract may be impressed with the fact that that page does not embody the entire agreement, attention is called or reference is made to the fact that other stipulations affecting the interest of both parties appear therein and are integral parts of the policy. Without the various clauses or paragraphs appearing under the designation "Conditions", the policy in this case would be barren of many essential elements highly conducive to the interest of insurer and insured.
[1, 2] There can be no doubt that the insurer intended to exclude from coverage death of the insured from venereal disease, such as syphilis, and that intention is clearly expressed in the policy. The policy itself is the law between the parties. The question for decision is whether the exclusion from coverage has been so incorporated in the policy as to be binding upon the insured, while living, and upon the beneficiary since her death. We are certain such has been done. The Supreme Court has settled this question in the affirmative in at least two cases, to-wit: Bernier v. Pacific Mutual Life Insurance Company of California, 173 La. 1078, 139 So. 629, 88 A.L.R. 765; Garrell v. Good Citizens Mutual Benefit Association, Inc., 204 La. 871, 16 So.2d 463, 465.
The court in the Garrell case has this to say of the Bernier case, to-wit: "* * * the holding is to the effect that a defense is barred when the policy becomes incontestable, except where it is preserved in the incontestability clause, irrespective of *Page 431 
whether it is based on a denial of coverage or a plea of breach of the conditions of the policy. In other words, all defenses not specially excepted in the clause making the policy incontestable are barred when the period of time fixed in the incontestability clause has elapsed."
And, also in the Garrell case, in consonance with the rule of construction stated in the Bernier case, the court expressly held as follows:
"Where a policy seeks to limit coverage on death occurring from tuberculosis by the insertion of a condition and does notspecifically except same in the incontestability clause, the reasonable interpretation is that the condition remains in force only until the period of time has elapsed making the policy incontestable, thereby giving effect to both the clause containing the condition and the incontestability clause. Otherwise, the incontestability clause would be nullified insofar as the condition is concerned.
* * * * * *
"After a careful consideration of the contract in this case and the manner in which it is drawn, we have arrived at the conclusion that the condition relied on by the defendant hasnot been properly excepted in the incontestability clause, and the plaintiff is entitled to recover the full amount called for on the face of the policy."
As clearly appears from the last-quoted excerpt from the opinion in the Garrell case, the court permitted recovery on the policy involved for the full amount thereof because the condition relied upon by the defendant was not incorporated in the "Incontestability" clause.
In the present case the condition excluding from coverage the death of the insured from venereal disease is exactly where the Supreme Court has held it should be in order to be effective. It would seem 'that the policy in this respect was drawn precisely to square with the court's rulings in the cited cases.
We do not recall having seen a life insurance policy that was entirely printed or written on one page of paper. Old line policies generally embrace several pages and as a rule there is printed on the front of the document, after being folded to convenient size, as is true in the policy now before us, in bold face type, the admonition "Read Your Policy. It Is The Entire Contract".
[3] The thirteen paragraphs on the reverse side of the policy in this case, from their nature, may be divided into provisions that in a general way affect or modify the primary contract reflected from the printed matter on its front page, and benefits that are designed to explain, further, or protect the interest of the insured. It seems to us that reference to "The Provisions and Benefits" printed on the reverse side of the policy is an accurate method of calling to the attention of all who should read the first page of the policy contract that that page did not embrace all of the agreements and conditions subscribed to by both par ties.
[4] This case falls squarely within the court's pronouncement in Lado v. First National Life Insurance Company, 182 La. 726,162 So. 579. In that case, as here, the primary question was that of coverage. What was held is tersely disclosed from Section 2 of the Syllabus, which reads as follows: "Whether disease from which insured died was contracted before or after execution of life policy is immaterial, where the cause of death is not covered by policy."
[5] It is argued by plaintiff's counsel that that case involved and judgment therein was predicated upon Act No. 97 of 1908, as amended by Act No. 195 of 1932 and Act No. 134 of 1934, and that since the 1908 Act with amendments was expressly repealed by Act No. 31 of 1944, what the court held therein is not controlling of the issue in this case. In the Lado case it was argued that the provisions of Act No. 97 of 1908, as amended, were controlling, but the court rejected the contention on the elemental ground that there was no coverage since the policy expressly excluded death from venereal disease. The effect of this ruling is simply this: the incontestability clause cannot possibly create in favor of the insured or his beneficiary a benefit expressly excluded from the contract; and especially is this true when the negative of *Page 432 
coverage is clearly stated in the incontestability clause as was done in the policy in this case.
For the reasons herein assigned, the judgment appealed from is affirmed with costs.
KENNON, J., dissents, giving written reasons.