FOURNET, Justice.
 

 Relator, Felix Lado, as beneficiary under a policy of industrial life insurance issued by the First National Life Insurance Company on the life of Emile Thibodeaux, instituted this suit against the company for the sum of $106.40.
 

 The respondent denied liability on the ground that the insurance policy did not cover death resulting from venereal diseases, from which the assured died.
 

 The trial judge sustained the defense and dismissed plaintiff’s suit. The Court of Appeal for the parish of Orleans affirmed the judgment of the city court. See 158 So. 872. The matter is now before us for review on writs granted by this court.
 

 The relevant part of clause 9 of the policy, which is the basis of the defense, reads, as follows-;
 

 “9. Policy when void and limitations of benefits. — * * * Benefits will not be paid at any time for death resulting from violation of law, immorality, alcoholism, venereal diseases or insanity. * * *”
 

 Plaintiff contends that the provision of the policy relied upon by the defendant has been waived because no medical examination of the assured was made prior to. the issuance of the policy. In support of plaintiff’s proposition, counsel rely upon Act No. 97 of 1908, as amended by Act No. 195 of 1932 and by Act No. 134 of 1934. We do not think the statute is applicable to the point thus raised. The title of the act reads as follows:
 

 “An Act providing that life, health .and accident insurance companies, which issue
 
 *729
 
 policies or contracts of insurance to the insured without a medical examination by a physician,
 
 shall waive their right to claim forfeiture for misrepresentation.
 
 * * * ” (Italics ours.)
 

 The defendant does not claim forfeiture of the contract for any misrepresentation as to the assured’s state of health at the time the policy was issued. On the contrary, the defendant contends that the policy is not, and never was, void; that it was in full force and effect as to the covered risks, but that death of the insured was due to a cause not covered under the terms of the policy, and, “ * * * being a voluntary contract of insurance, the parties may make it on such terms, and incorporate such provisions and conditions as they see fit to adopt, and the contract as made measure their rights. * * * ” 32 C. J. 1091.
 

 It is our opinion that in this case it makes no difference whether the party contracted the disease prior to or since the execution of the contract of insurance, because the risk was not covered by the contract.
 

 Counsel for plaintiff argue that, if we find that the contract or policy of insurance did not cover the risk of death as a result of a venereal disease, the burden of proving the exemption of risk is upon the defendant, and it has failed to bear this burden by competent evidence.
 

 The policy was issued on the life of the assured, subject, however, to certain exceptions, and we think the burden of proving that death resulted from an excepted risk was upon the defendant. Cole v. Mutual Life Ins. Co., 129 La. 704, 56 So. 645, Ann. Cas. 1913B, 748.
 

 From an examination of the record, we find that the assured died in the Charity Hospital at New Orleans on the 26th day of April, 1933, and that an autopsy was held by Dr. Emmerich Von Haam, the senior pathologist of that institution. He testified from his examination that the ■ cause of assured’s death was “syphilitic disease of the aorta and valves of the heart.”
 

 The only evidence offered by the plaintiff was his own testimony and that of three friends and acquaintances of deceased, and they testified in effect that Emile Thibodeaux had been in good health and did hard manual labor up to the time of his last illness.
 

 But plaintiff’s counsel urge that Dr. Von Haam’s testimony was not admissible and objected to the same on the ground that the physician who treated the deceased would have been in a better position to say what he died of than one who did not attend him during his lifetime but merely performed' an autopsy.
 

 We think this objection was without merit and properly overruled. The testimony of an expert who performed an autopsy is admissible and entitled to probative value just like the testimony of other doctors who might have examined the
 
 *731
 
 patient and given opinions as to the cause of death. Jackson v. Travelers’ Ins. Co. et al., 180 La. 43, 156 So. 169.
 

 As to the admissibility of the records of the hospital to show the cause of death of the deceased, we find that the same were admitted without objection in connection with the testimony of Dr. Von Haam, who identified them as having been actually prepared by him, and were therefore admissible. The well-settled jurisprudence that hospital records are subject to the hearsay rule of evidence does not apply. It was only when the defendant sought to file in evidence the certificate of the hospital, which had been filed with the defendant company by the plaintiff as proof of the death of assured, that the objection was urged. This court has held that such evidence is admissible. Leman v. Manhattan Life Ins. Co., 46 La. Ann. 1189, 15 So. 388, 24 L. R. A. 589, 49 Am. St. Rep. 348.
 

 For the reasons assigned, the judgments of the trial court and the Court of Appeaf are affirmed.