16 So.2d 463

## GARRELL v. GOOD CITIZENS MUT. BEN. ASS'N, Inc.

### No. 37053.

Dec. 13, 1943.

Andrew H. Thalheim, of Gretna, for applicant.

Ogden & Woods and L. D. Dunbar, of New Orleans, for respondents.

Normann & Rouchelle and Carlos E. Lazarus, of New Orleans, amici curiae.

PONDER, Justice.

The plaintiff, Sylvan Garrell, beneficiary in an industrial insurance policy for the sum of $113 issued on the life of his wife, Duetta Garrell, now deceased, brought this suit against the defendant insurer, Good Citizens Mutual Benefit Association, Inc., seeking to recover the face value of the policy. In the lower court, the defendant denied liability on the ground that the decedent misrepresented the condition of her health at the time she applied for insurance and at the time the policy was issued to her. In the alternative, the defendant pleaded limited liability to the amount of one-fourth of the face value of the policy. On trial,

the lower court gave the plaintiff judgment for one-fourth the face value of the policy. On appeal, the Court of Appeal for the Parish of Orleans affirmed the judgment of the lower court. The matter now comes to us by way of review.

On May 1, 1938, Duetta Garrell applied to the defendant for insurance. On May 9, 1938, the defendant issued a policy on the life of Duetta Garrell in the amount of $113, wherein her husband, Sylvan Garrell, was made the beneficiary. The insured died on December 11, 1940.

The dispute herein arises over the interpretation of the incontestability clause and a condition set out on the reverse side of the policy

The incontestability clause reads as follows:

"This Policy shall be incontestible after two years from date except as stated in conditions and for nonpayment of Premiums."

The condition in dispute provides as follows:

"If the Insured shall die from Heart diseases, Tuberculosis, disease of the lungs, Respiratory Organs, Cancer, Bright's Disease, Liver Troubles, Pellagra, Cerebral Hemorrhage, Paralysis, High Blood Pressure, or any chronic disease contracted within twelve (12) months from date of Policy, only one-fourth the sum otherwise provided for in this Policy will be payable."

As we gather it, the Court of Appeal arrived at the conclusion that the deceased died of tuberculosis contracted prior to the issuance of the policy. However, it held that the defendant had abondoned the defense that the deceased misrepresented the condition of her health at the time she applied for and obtained the policy. The appellate court rested its decision on the ground that the defendant was liable for only one-fourth of the face value of the policy under the condition above set out. In interpreting this condition, the Court of Appeal [11 So.2d 259, 260] was of the opinion that the language, "within twelve (12) months from date of Policy," merely qualified the words "any chronic disease" and did not apply to tuberculosis and the other diseases specifically stated in the condition. In the light of the decisions in the case of Geddes & Moss Undertaking & Embalming Co., Ltd., v. First National Life Ins. Co., La. App., 177 So. 818; Id., 189 La. 891, 181 So. 436, we withhold our opinion as to the correctness of this ruling. We prefer to rest our decision on other grounds in view of the positions taken by the opposing parties on this review.

The plaintiff relies on the incontestability clause in support of his contention that the judgment of the appellate court should be increased to the amount of the face value of the policy. The defendant stands on the judgment of the Court of Appeal and asks for its affirmance. Consequently, the sole question presented on this review is whether or not the decree of the Court of Appeal should be amended so as to allow the plaintiff the full amount of the face value of the policy.

The defendant takes the position that the contract limits the coverage where death occurs from tuberculosis, and that the

incontestability clause does not preclude the questioning of the correctness of the amount claimed, as the limitation of contestability applies only to questions involving the validity of the policy and not to those pertaining to coverage. The cases of Metropolitan Life Ins. Co. v. Conway, 252 N.Y. 449, 169 N.E. 642; Allison v. Ætna Life Ins. Co., La.App., 158 So. 389; Lado v. First Nat. Life Ins. Co., 182 La. 726, 162 So. 579, are cited in support of this contention. In the alternative, the defendant takes the position that the limitation of coverage where death occurs from tuberculosis is specially excepted in the incontestability clause.

In the case of Mutual Life Ins. Co. of N.Y. v. New, 125 La. 41, 51 So. 61, 62, 27 L.R.A.,N.S., 431, 136 Am.St.Rep. 326; Equitable Life Assurance Society v. First National Bank, 5 Cir., 113 F.2d 272, 135 A.L.R. 445, a policy was involved which contained the following provision and incontestability clause:

"Admission of Age:

"The company will admit the age of the insured upon satisfactory proof; failing such proof, if the age shall have been understated, the amount of insurance or other benefit will be equitably adjusted.

"Incontestability:

"After two years from the date of issue, this policy shall be incontestable if the premiums have been duly paid."

This Court construed the clauses together and effect was given to both by holding that the company had ample time, two years, to make inquiry as to understatement of age by the insured in order to readjust the policy on the basis of her true age. But after two years, the incontestability clause became effective, and the provision as to age would be unenforcible. Thereby, effect was given to both clauses. Otherwise, the second clause, the incontestability clause, would be entirely neutralized and made ineffective insofar as the proof of age was concerned.

From our appreciation of the case of Bernier v. Pacific Mutual Life Ins. Co. of California, 173 La. 1078, 139 So. 629, 632, 88 A.L.R. 765, the holding is to the effect that a defense is barred when the policy becomes incontestable, except where it is preserved in the incontestability clause, irrespective of whether it is based on a denial of coverage or a plea of breach of the conditions of the policy. In other words, all defenses not specially excepted in the clause making the policy incontestable are barred when the period of time fixed in the incontestability clause has elapsed.

In the Bernier case, supra, the following pertinent observations were made:

"* * * The provision in a life insurance policy, making the contract incontestable after a stated period, means something more than that the insurer cannot then contest the validity of the policy on the ground of breach of a condition; it means that the company cannot then contest its obligation to pay, on due proof of the death of the insured, the amount stated on the face of the policy, except for a cause of defense that is plainly excepted from the provision making the policy incontestable."

"In a suit on a life insurance policy, the question whether the defense set up by the insurance company is barred by the incontestability clause in the policy does not depend upon whether the company pleads a breach of a condition or pleads that the cause of death was excepted from the risk insured against; but it depends upon whether all that is said in the policy leaves no reasonable doubt that the defense set up by the company is not barred by the incontestability clause."

■ The term incontestability is very broad and in our opinion covers all grounds not specially excepted in the incontestability clause. Moreover, policies of insurance should be liberally construed in favor of the objects to be accomplished, and the conditions and provisions therein are strictly construed against the insurer. Article 1958, R.C.C.; Bernier v. Pacific Mutual Life Ins. Co. of California, supra; Mutual Life Ins. Co. v. New, supra; Finley v. Massachusetts Mutual Life Ins. Co., 172 La. 477, 134 So. 399.

■ Where a policy seeks to limit coverage on death occurring from tuberculosis by the insertion of a condition and does not specifically except same in the incontestability clause, the reasonable interpretation is that the condition remains in force only until the period of time has elapsed making the policy incontestable, thereby giving effect to both the clause containing the condition and the incontestability clause. Otherwise, the incontestability clause would be nullified insofar as the condition is concerned.

This Court considered the case of Metropolitan Life Insurance Co. v. Albert Conway, supra, at length when it entertained the Bernier case, supra. No purpose could be gained by again reviewing it. To say the most, if we concede it is to the effect claimed by the defendant, it could only be persuasive, and the Bernier case would be controlling.

A mere reading of the cases of Allison v. Ætna Life Ins. Co., La.App., 158 So. 389, and Lado v. First National Life Ins. Co., 182 La. 726, 162 So. 579, shows that the question presented here was not involved.

We are not unaware of the fact that there are decisions in other jurisdictions which express contrary views. However, on the other hand, there are others which support our views.

We now come to the question of whether death occurring from tuberculosis is excepted in the incontestability clause.

The policy on its face shows that it is a whole life policy with the following two conditions:

"Accidental Death Benefit—One half of the death benefit shall be paid in the event of an accidental death within six (6) months and the full amount thereafter."

"Death Benefit—One-fourth only of the above sum payable if death occurs within six (6) months from the date of this Policy, and one-half of the above sum if death occurs after six (6) months and within twelve (12) months from date of this Policy, and the full amount if death occurs after twelve (12) months from date of

Policy, subject to conditions contained herein and on the reverse side of this Policy."

There is nothing on the face of the policy to indicate that there is any other limitation as to coverage. On the back of the policy, under the heading of "Conditions and Agreements" we find the condition which seeks to limit the policy listed among various other conditions and agreements.

It is stated in the incontestability clause, "* * * except as stated *in conditions* * * *.*" There is no reference to any specific condition, and the words "in conditions" are not even capitalized. We would have to assume that the words "in conditions" refer to those appearing on the face of the policy or to those listed under "Conditions and Agreements."

It is true that at the bottom of the front page of the policy, these words appear, "Conditions and Agreements Referred to on Other Side of This Certificate." This statement is very indefinite and does not in any way tie in with the incontestability clause. To say the least, the contract is ambiguous and necessarily must be construed against the insurer. If the insurer desires to make an exception in the incontestability clause, it should do so in a manner that would leave nothing for intendment. In other words, it should clearly express such exception.

Of the many policies containing the double indemnity clause which we have had occasion to examine, practically all, if not all, have the double indemnity clause printed in bold letters on the face of the policy. Undoubtedly, this is an inducement to the applicant for insurance. We cannot recall any policy wherein this clause was printed in small type and intermingled with the various conditions and warranties on the reverse side of the policy. We are not impressed with a policy that purports on its face to grant full protection to the insured and attempts to limit the protection by a provision intermingled with various others matters printed in small type on the back of the policy.

After a careful consideration of the contract in this case and the manner in which it is drawn, we have arrived at the conclusion that the condition relied on by the defendant has not been properly excepted in the incontestability clause, and the plaintiff is entitled to recover the full amount called for on the face of the policy.

For the reasons assigned, the decree of the Court of Appeal for the Parish of Orleans is amended so as to award the plaintiff $113, the amount of the full face value of the policy. As thus amended, the decree is affirmed. The cost to be paid by the defendant.