Marie O. Gordon, the beneficiary in a policy of industrial life insurance issued by the Unity Life Insurance Company to Lillian Hardin, brought this suit to recover $192, the face value of the policy. The policy was issued May 3, 1943, and Lillian Hardin died August 7, 1945.
The insurer defends on the ground that the deceased died from luetic Heart Disease (syphilis) and that death from this cause is specifically excluded from the coverage of the policy.
There was judgment below in plaintiff's favor as prayed for and defendant has appealed.
The policy contains an incontestable clause reading as follows:
"This policy shall be incontestable after one year from date of issue except for nonpayment of premiums, and except as to the following provisions and conditions relating to misstatement of age; death resulting from disease as herein limited; accidental death; suicide; total and permanent disability, aeronautics, military and naval service."
In the next paragraph certain exemptions from coverage are mentioned, thus:
"* * * Benefits will not be paid at any time for death resulting from violation of law, immorality, alcoholism, venereal diseases or from an intentional act of any person other than the insured * * *."
The pertinent provision of Act 140 of 1938 reads as follows:
"* * * any industrial life insurance policy issued in this State shall be incontestable after it has been in force, during the lifetime of the insured, for one year from its effective date of issue, except for nonpayment of premiums."
Defendant's counsel take the position that neither the Act of 1938 nor the incontestable clause in the policy can add anything to the coverage of the policy, that is to say, that if death from venereal disease was not covered by the policy when issued, neither the incontestable clause nor the Act of 1938 can add that risk.
Opposing counsel relies upon the authority of Bernier v. Pacific Mutual Life Insurance Co., 173 La. 1078,139 So. 629, 88 A.L.R. 765, and Garrell v. Good Citizens Mutual Benefit Association, 204 La. 871, 16 So.2d 463, 464, particularly the last mentioned authority.
In the Garrell case the policy contained a clause reading as follows:
"This Policy shall be incontestible after two years from date except as stated in conditions and for nonpayment of Premiums."
The deceased in the Garrell case died of tuberculosis and there was a provision in the policy which limited the recovery of the insured to one-fourth of the principal sum if "the Insured shall die from *Page 881 
Heart Diseases, Tuberculosis, disease of the lungs, * * *." The Court held that it was not sufficiently apparent from the incontestable clause that there was any other exception than nonpayment of premiums, saying:
"There is nothing on the face of the policy to indicate that there is any other limitation as to coverage. On the back of the policy, under the heading of 'Conditions and Agreements' we find the condition which seeks to limit the policy listed among various other conditions and agreements."
This, it was held, was not sufficient to impose any other exception in qualification of the incontestable clause, the court saying:
"There is no reference to any specific condition, and the words 'in conditions' are not even capitalized. We would have to assume that the words 'in conditions' refer to those appearing on the face of the policy or to those listed under 'Conditions and Agreements'.
It was held in the Bernier case, supra, that:
"Defense is barred by incontestability clause unless life policy leaves no reasonable doubt that defense is not so barred.
"In suit on life policy, question whether defense set up by insurer is barred by incontestability clause in policy does not depend upon whether company pleads breach of condition or pleads that cause of defense was excepted from risk insured against, but it depends upon whether all that is said in policy leaves no reasonable doubt that defense set up by company is not barred by incontestability clause." (Syllabus No. 5)
The argument on behalf of plaintiff proceeds along the line of the authorities cited. In other words, it is to the effect that there is not sufficient mention in the incontestable clause of the exception relied upon by defendant — that is death resulting from venereal disease. The difference between the incontestable clause in the Garrell case and the one under consideration here, is that in the Garrell case there was only a brief reference to the "conditions" of the policy as qualifying the recovery otherwise than by the non-payment of premiums, whereas here, there is a specific statement of a number of other conditions which would prevent recovery even after the lapse of one year. In the Garrell case the clause exempting tuberculosis from coverage was on the back of the policy, whereas the incontestable clause was on the face of the policy. Here, both the incontestable clause and the limitation of liability not only appear on the same side of the page but follow each other. We regard these differences as important because, as we understand it, the holding in both the Garrell case and the Bernier case, was based upon the ambiguity which the policy presented by contrasting its limitation of liability with the incontestable clause, as is plainly indicated by the following language in the Garrell case:
"To say the least, the contract is ambiguous and necessarily must be construed against the insurer. If the insurer desires to make an exception in the incontestability clause, it should do so in a manner that would leave nothing for intendment. In other words, it should clearly express such exceptions."
The policy under consideration here makes it very clear that venereal disease is excluded from coverage. There can be no change of deception or misunderstanding as to the coverage of the policy.
We are of the opinion that defendant is not liable under the policy, consequently, and
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be judgment herein in favor of defendant dismissing plaintiff's suit at her cost.
Reversed.