There are no facts in dispute. The deceased's attending physician testified that the cause of the death was "syphilis of the lung" and plaintiff's counsel concedes this as the cause of death. The point for decision is whether or not the policy provisions are such as to exempt the company from liability for death resulting from venereal disease.
The face of the policy provides that the company will pay the amount of insurance specified "upon receipt of proof of death of the insured * * *." No exemption provisions are contained on the face of the policy but the insured is referred to the reverse side of the policy by the language contained on the face, "* * * The Provisions and Benefits printed or written on the reverse side are a part of this Policy * * *."
An examination of the reverse side of the policy shows thirteen paragraphs each indexed in large capital letters. No one of these indices indicate that the paragraph it covers contains exclusions from liability or limitations of coverage. The exemption of syphilis from coverage relied upon by defendant is only mentioned in the middle portion of paragraph 4. headed "Incontestability," which reads as follows: "4. Incontestability. — This Policy shall be incontestable after one year from date of issue except for non-payment of premiums and except for misstatement of age of the Insured, and except for the following provisions of this paragraph: Benefits willnot be paid at any time for death resulting from any diseasecontracted or injuries sustained before the date of this Policynor at any time for death resulting from violation of law,immorality, alcoholism, venereal diseases or from anintentional act of any person other than the Insured. One-half of the death benefit stipulated in the schedule is payable should death occur from any accident or accidental injuries sustained within six months from date hereof. Should death occur from illness contracted within twelve months from the date of this Policy, one-half of the death benefit stipulated in the schedule is payable, subject to the further limitation of liability as provided hereinafter for death from chronic and specific diseases. If the Insured shall die from Heart Disease, Tuberculosis, Chronic Bronchitis, Cancer, Bright's Disease, Liver Trouble, Pellagra, Cerebral Hemorrhage, Paralysis, High Blood Pressure, or any Chronic Disease contracted within twenty-four (24) months after this Policy is in force, then only one-half of the sum otherwise provided for in this Policy will be payable. If before this Policy has been in force for five days (5) years the Insured shall die by his or her own hand or act, whether sane or insane, the liability hereunder shall be limited to the amount of the premiums paid under this Policy. If the Insured is pregnant at the date of the issue of this Policy and death results from such pregnancy the Company's liability shall be limited to the return of the premiums paid." (Italics by author of this dissent.)
By common acceptance the "Incontestability" clause should consist of statements as to the conditions of time, etc., under which the company is cut off from defending against liability under the policy as a whole or under one or several of its separate provisions. The insertion of the exemption clause in the "Incontestability" clause is not in my opinion such a clear-cut statement as the insured was entitled to have. In order to claim the exemption from liability relied upon, the exemption should be set forth plainly and clearly either on the face of the policy or in the "conditions" listed on the back thereof. Thus, if the policy in addition to the clause above italicized, had contained a paragraph labeled "Exclusions," "Exemptions from Liability," "Diseases not Covered," or the like in which it had been set forth that there should be no liability for syphilis, then the sentence, which includes syphilis, in the above paragraph numbered 4, would be sufficient notice to the insured that the lapse of a year's time did protect the insurer from *Page 433 
liability when death resulted from a venereal disease.
In the case of Garrell v. Good Citizens Mutual Benefit Ass'n, Inc., 204 La. 871, 16 So.2d 463, 464, the insured died from tuberculosis. The incontestability clause read as follows: "This Policy shall be incontestible after two years from date except as stated in conditions and for nonpayment of Premiums." It is to be noted that this clause did not include any mention that the company would not be liable if death resulted from tuberculosis.
In another portion of the policy there was a condition providing: "If the Insured shall die from Heart diseases, Tuberculosis, * * * or any chronic disease contracted within twelve (12) months from date of Policy, only one-fourth the sum otherwise provided for in this Policy will be payable."
The Court allowed recovery for the face value of the policy on the theory that the policy was ambiguous and should be construed against the insurer, stating: "Where a policy seeks to limit coverage on death occurring from tuberculosis by the insertion of a condition and does not specifically except same in the incontestability clause, the reasonable interpretation is that the condition remains in force only until the period of time has elapsed making the policy incontestable, thereby giving effect to both the clause containing the condition and the incontestability clause. Otherwise, the incontestability clause would be nullified insofar as the condition is concerned."
On the policy now before us, the exemption of liability for syphilis, etc., is contained only in the "Incontestability" clause. If the insured had examined the policy with a view of determining the coverage and found no paragraph labeled to indicate it contained exemptions, he might well not feel obligated to examine the "Incontestability" clause to determine whether exemptions were or were not therein included. To exclude the coverage as contended by defendant would virtually permit the company to take advantage of the unsuspecting and not too well educated people who become its policyholders.
To some extent the Garrell case, supra, is applicable here, in that the effect of that decision in conjunction with the present one is to hold that when an insurer claims the benefit of an exclusion, that exclusion should be set forth plainly in the policy either on its face or in a paragraph honestly indexed as to indicate that it contains exclusions, and, in addition, if the insurer expects to claim the benefit of an exclusion more than one year after issuance of the policy, it must be so stated in the incontestability clause.
I distinguish the present case from the case of Gordon v. Unity Life Insurance Company, Inc., La. App., 30 So.2d 880, in-asmuch as the policy in that case had a provision setting forth the exclusion of liability from "* * * violation of law, immorality, alcoholism, venereal diseases, etc.," in a paragraph entitled "Misstatement of age and limitation of benefits." The title thus indicated that the paragraph contained exemptions.
In the Garrell case above quoted, the Court stated: "* * * To say the least, the contract is ambiguous and necessarily must be construed against the insurer. If the insurer desires to make an exception in the incontestability clause, it should do so in a manner that would leave nothing for intendment. In other words, it should clearly express such exception."
The well recognized general rule is that any ambiguity or uncertain meaning in an insurance policy should be construed against the insurer. An examination of the policy before the Court makes it clear to me that the company has not, in the face of the policy or in the "conditions" contained on the back sheet, fairly apprised the insurer that the policy did not cover death from venereal disease, etc., and consequently the company should be held liable under its contract of insurance which provided for payment of the $160 "* * * upon receipt of proof of death of the insured * * *."
For the reasons assigned, I respectfully dissent. *Page 434