39 So.2d 812

**GORDON v. UNITY LIFE INS. CO., Inc.**
**No. 38781.**

Jan. 10, 1949.

Rehearing Denied March 21, 1949.

Herman L. Midlo, of New Orleans, for relator.

Normann & Jones and Russell J. Schonekas, all of New Orleans, for defendant-appellee.

Wade O. Martin, Jr. and G. F. Purvis, Jr. both of Baton Rouge, amicus curiæ.

HAWTHORNE, Justice.

Plaintiff, Marie O. Gordon, instituted this suit in the First City Court of New Orleans, Section "B", seeking to recover the sum of $192.00, the alleged face value of an industrial life insurance policy issued by defendant, Unity Life Insurance Company, Inc., on the life of Lillian Hardin, who died on August 27, 1945. The policy of insurance, in which the plaintiff was named beneficiary, was issued on May 3, 1943.

The First City Court rendered judgment for plaintiff in accordance with her prayer. On appeal to the Court of Appeal, Parish of Orleans, this judgment was reversed, and judgment was rendered in favor of defendant, dismissing plaintiff's suit. 30 So. 2d 880. On application of plaintiff-relatrix, this court granted a writ of certiorari, and the matter is now before us for review.

The defendant insurance company does not take the position that the insurance policy in the instant case was void or was forfeited for any reason whatsoever, but as a defense urges that the death of the insured resulted from a venereal disease, and that death from such cause was not covered by the policy but was expressly excepted therefrom. The provisions of the policy on which the defendant relies are found in Paragraph 6 thereof, as follows: " * * * Benefits will not be paid at any time for death resulting from * * * venereal diseases or from an intentional act of any person other than the Insured."

Plaintiff, on the other hand, although conceding that the insured died from a venereal disease, takes the position that, since the insured died more than one year after date of the policy, the defense urged by the insurer is not available to it because the policy became incontestable after such period under the incontestability clause. In support of this position she relies on the holding of this court in construing such a clause in the cases of Bernier v. Pacific Mut. Life Ins. Co. of California, 173 La. 1078, 139 So. 629, 88 A.L.R. 765, and Garrell v. Good Citizens Mut. Ben. Ass'n Inc., 204 La. 871, 16 So.2d 463.

The incontestability clause is found in Paragraph 5 of the policy and reads thus:

"Incontestability.—This Policy shall be incontestable after one year from date of issue except for non-payment of premiums, and except as to the following provisions and conditions relating to misstatement of age; *death resulting from disease as herein limited;* accidental death; suicide; total and permanent disability, aeronautics, military and naval service." (Italics ours.)

This incontestability clause in plain terms provides that the policy shall be incontestable after one year except from "death resulting from disease as herein limited", and immediately following this provision, in the next paragraph of the policy, we find the equally clear provision that benefits will not be paid at any time for death resulting from venereal diseases. These provisions are unambiguous, certain, clear, and susceptible of only one interpretation, that is, that, if the insured dies as a result of a venereal disease, such death is not covered under the terms and provisions of the policy, which is the contract between the parties, and benefits will not be paid thereunder.

Undoubtedly the insurance company could have urged the cause of death as a valid defense in an action to recover the face amount of the policy if death had occurred as a result of venereal disease within one year from the date of the issuance of the policy, and it could urge after that period also the defense of death resulting from venereal disease because, under the paragraph immediately following the in-

contestability clause, the benefits under the policy would not be paid *at any time* for death resulting from a venereal disease. Thus it was clearly the intention of the parties that, even after the expiration of the period of one year provided in the incontestability clause, a death caused by a venereal disease was still not one covered by the terms of the policy but one expressly excepted therefrom.

Further, the incontestability clause standing alone excepts from its provisions "death resulting from disease as herein limited". This clause clearly and directly informs the insured that death resulting from certain diseases is excepted from the provisions of the incontestability clause.

■■ Subject to the laws and statutes of this state, a policy of insurance is a voluntary contract between the parties thereto. The parties may make it on such terms, and incorporate such provisions and conditions, as they see fit to adopt, and the contract as made measures their rights. See Lado v. First Nat. Life Ins. Co., 182 La. 726, 162 So. 579. Under the provisions of Article 1945 of our Civil Code, legal agreements have the effects of law upon the parties; none but the parties can abrogate or modify them, and upon this principle of law is established the rule that the intent of the parties to the contract is to be determined by the words of the contract when these are clear and explicit and lead to no absurd consequences. Moreover, a contract which is plain and unambiguous will

be enforced as it is written and will not be rewritten by this court, for we cannot make the contract for the litigants, it being our province to construe contracts according to their terms if the language used is clear and unambiguous and leads to no absurd consequences. Union Tank Car Co. v. Louisiana Oil Refining Corporation, 184 La. 121, 165 So. 638; Hello World Broadcasting Corporation v. International Broadcasting Corporation, 186 La. 589, 173 So. 115; American Mfg. Corporation, Inc., v. National Union Fire Ins. Co. of Pittsburgh, Pa., 203 La. 515, 14 So.2d 430; Higgins Mfg. Co. v. A. S. Spiess Sales Co. et al., 9 La.App. 403, 120 So. 496; J. R. Watkins Co. v. Hoggatt et al., 13 La.App. 512, 128 So. 180; Brown v. Life & Casualty Ins. Co. of Tennessee, La.App., 146 So. 332; United Gas Public Service Co. v. Eaton et al., La.App., 153 So. 702; Jones v. Metropolitan Life Ins. Co., La.App., 157 So. 147; Dockson Gas Co. v. S. & W. Const. Co. et al., La.App., 12 So.2d 847.

■ In our opinion, the insurance policy in the instant case in clear and unambiguous language provides that the risk—that is, death by venereal disease—is not covered by the contract. The Court of Appeal so found, and we think correctly so.

The decisions in Bernier v. Pacific Mut. Life Ins. Co. of California and Garrell v. Good Citizens Mut. Ben. Ass'n, Inc., both cited supra, relied upon by relatrix, in our opinion are not controlling here. In each of those cases, this court construed an incontestability clause in an insurance policy which it considered to be ambiguous, uncertain, and not clear, and resolved the ambiguity in favor of the insured under the principle of law that insurance policies should be liberally construed in favor of the object to be accomplished, and that, in case of doubt, ambiguity, or uncertainty, the conditions and provisions should be strictly construed against the insurer. As we have seen, in the instant case no such ambiguity exists in the incontestability clause.

The respondent insurance company contends that the decisions in the two cited cases are contrary to the rule that an incontestability clause relates to the validity of the insurance contract and not to its coverage; or, stated somewhat differently, that such a clause means, as was said in Metropolitan Life Ins. Co. v. Conway, 252 N.Y. 449, 169 N.E. 642, that within the limits of the coverage a policy shall stand unaffected by any defense that it was invalid in its inception or thereafter became invalid by reason of a condition broken, or, further, that the kind of insurance one has at the beginning, that, but no more, one retains until the end. Respondent contends that for this reason these cases should be overruled. Since we have concluded that they are not controlling here, it is unnecessary for us to answer this argument or express any opinion with reference thereto.

■ In support of her position, relatrix relies also on a provision found in Act 140

of 1938, reading as follows: " * * * Provided further, that upon and after the effective date of this Act any industrial life insurance policy issued in this State shall be incontestable after it has been in force, during the lifetime of the insured, for one year from its effective date of issue, except for nonpayment of premiums." This provision of the act cannot affect our decision in this case, for certainly it was not the intention of the Legislature by the use of such language to write into a policy of insurance a risk which was not covered by, and included in, the contract, or to rewrite, enlarge, or change a contract the terms of which are clear and free from ambiguity, as are the terms of the contract in the instant case.

For the reasons assigned, the judgment of the Court of Appeal is affirmed; relatrix to pay all costs.

O'NIELL, C. J., concurs and assigns reasons.

McCALEB, J., concurs with written reasons.

PONDER, J., absent.

O'NIELL, Chief Justice (concurring in the decree).

While I concur in the decree affirming the judgment of the court of appeal in the present case, I do not see why the court should leave a doubt now about the correctness of the decision which was rendered in the case of Bernier v. Pacific Mutual Life Insurance Company of California, 173 La. 1078, 139 So. 629, 630, 88 A.L.R. 765. The reason why we held in the Bernier case that the beneficiary was entitled to full recovery on the life insurance policy was that the clause making the policy incontestable after one year, declared that it should be incontestable except for either of two causes, namely, (1) nonpayment of premium or (2) violation of the conditions of the policy relating to military or naval service in time of war, but did not except from the incontestability clause violation of the provisions relating to aerial navigation. The insured was killed by the falling of an airplane in which he was riding, more than a year after the policy had been in force. The company pleaded that the riding in the airplane otherwise than as a fare-paying passenger in a licensed commercial air craft, etc., was violative of the clause in the policy relating to aerial navigation, and hence that the risk was not covered by the policy. We held merely that there was no such exception "as to coverage" in the incontestability clause, which excepted only "non-payment of premium or for violation of the conditions of the Policy relating to military or naval service in time of war". Hence we applied the maxim inclusio unius est exclusio alterius. I quote from 173 La. 1092, 139 So. 629, 633, near the end of our opinion, thus: "In the case before us, considering that the incontestability clause makes but one exception, of

a cause or circumstance of death for which the policy should remain contestable after one year, the natural and plausible inference is that the policy became incontestable for any other cause or circumstance of death at the end of the year. Inclusio unius est exclusio alterius. Vice versa, the exclusion from the effect of the incontestability clause of only the one cause or circumstance of death, death while engaged in military or naval service or within six months thereafter but during the period of the war, was the inclusion of death 'from engaging in aerial navigation' under any or all conditions."

I quote also from pages 1083–1084 of 173 La., pages 630–631 of 139 So., from the decision in the Bernier case, as follows: "The conditions relating to military or naval service in time of war, stated substantially, were that if within five years from the date of the policy the insured should engage in military or naval service in time of war the liability of the company, in the event of the death of the insured while so engaged, or as a result thereof within six months thereafter but within the period of the war, would be limited to any outstanding dividend additions, etc. These conditions, relating to military or naval service in time of war, constituted a limitation of the so-called coverage or risk assumed, as plainly as did the conditions on which alone the insured could engage in aerial navigation, without affecting the obligation of the insurer, constitute a limitation of the coverage or risk assumed by the insurer; and yet it was deemed necessary to except the conditions relating to military or naval service in time of war from the provision making the policy incontestable after one year, in order that the obligation of the insurer to pay the amount stated on the face of the policy might remain contestable after the expiration of the year, on the ground of violation of the conditions relating to military or naval service in time of war. Our opinion therefore is that, inasmuch as only the one exception was made in the provision making the policy incontestable after having been in force for a year, the intention, at least of the insured, was that there should be no other exception. If the insurance company intended to except also, from the incontestability clause, a violation of the conditions relating to aerial navigation, that exception, like the exception of violation of the conditions relating to military or naval service in time of war, should have been expressed. Article 1958 of the Civil Code declares that, if any doubt or ambiguity in a contract has arisen from the want of some necessary explanation which one of the parties to the contract ought to have given, the construction favorable to the other party shall prevail. The rule is universally recognized, particularly with regard to insurance policies, that any ambiguity in a contract made on a form prepared by one of the parties to the contract ought to be construed against him."

It is plain therefore that the doctrine of the decision in Bernier v. Pacific Mutual

Life Insurance Company of California is not at all appropriate to the insurance policy on which the present suit was brought. Hence, as I say, there is no reason why the court in its opinion rendered in the present case should leave a doubt about the soundness of the decision rendered in Bernier v. Pacific Mutual Life Insurance Company of California.

It is my opinion also that the decision which this court rendered in the case of Garrell v. Good Citizens Mut. Ben. Ass'n, 204 La. 871, 16 So.2d 463, can be reconciled with the decision which the court is rendering in the present case. In fact it is so reconciled, to my satisfaction, in the opinion written by the late Judge Westerfield, for the court of appeal, in the instant case, reported in 30 So.2d 880.

McCALEB, Justice (concurring).

While I heartily support the result in this case, I encounter difficulty in perceiving a substantial difference between the provisions of the instant policy and those of the policy considered in Garrell v. Good Citizens Mut. Ben. Ass'n, 204 La. 871, 16 So.2d 463, 464.

In the Garrell case, the insured died of tuberculosis and the policy contained a provision declaring that only one-fourth of the maximum insurance would be paid if the assured died from certain specified diseases (i. e. tuberculosis) contracted within twelve months from the date of the policy. The plaintiff nevertheless insisted upon re-covering the face amount of $113 by reason of the incontestibility clause, which provided: "This policy shall be incontestible after two years from date *except as stated in conditions* and for nonpayment of Premiums." (Emphasis mine.)

After rejection of her claim by the Court of Appeal, plaintiff secured a writ of review and this court permitted a full recovery on the ground that "From our appreciation of the case of Bernier v. Pacific Mutual Life Ins. Co. of California, 173 La. 1078, 139 So. 629, 632, 88 A.L.R. 765, the holding is to the effect that a defense is barred when the policy becomes incontestible, *except where it is preserved in the incontestibility clause, irrespective of whether it is based on a denial of coverage* or a plea of breach of the conditions of the policy. In other words, *all defenses not specially excepted in the clause* making the policy incontestible are barred when the period of time fixed in the incontestibility clause has elapsed." (Emphasis mine.)

It takes no more than a casual reading of the Bernier decision to exhibit the error in the above quoted reasoning—for the court did not hold in the Bernier case that all exceptions relative to forfeiture or coverage were required to be stated in the incontestibility clause. The resolution of the court was that an exclusion from coverage, while the assured was engaged in aerial navigation (not as a fare paying passenger on commercial aircraft), could not be availed of as a defense after the policy

had been in force for one year, in view of another clause making the policy incontestible "except for non-payment of premium or for violation of the conditions of the Policy relating to military or naval service in time of war." The court said that the condition relating to military and naval service, referred to in the incontestibility clause, was one affecting coverage and that, since it was the only condition contained in the clause, the maxim "inclusio unius est exclusio alterius" would be applied. In other words, it was decided that, where the incontestibility clause contained but one exception relating to coverage, the policy would be rendered ambiguous and inconsistent if the condition relating to death resulting from air travel be considered applicable after the policy had been in effect for over one year.

The holding in the Bernier case does not, in my opinion, provide any basis for the decision in the Garrell case. The clause considered in the Garrell case provided for incontestibility after two years "except as stated in conditions". Surely, there could be no conflict between this provision and the other conditions of the policy to which the exception referred.

So, in the case at bar, there can be no conflict or ambiguity (as the majority opinion clearly states) where the incontestibility clause refers specifically to the conditions relating to "death resulting from disease as herein limited". But to say that there is a difference between this and the Garrell case is to overlook the reality of the situation. Indeed, the court has passed an opportunity to correct its erroneous conclusion in the Garrell case and supplant it with the logic and well-grounded reasoning set forth in the case at bar.

I respectfully concur in the decree.