ELLIS, Judge.
Elance Goss Daniel purchased a new car on July 21, 1970, and at that time bought a credit life insurance policy from defendant Ford Life Insurance Company, which would pay the balance due on the car in the event of his death. It is admitted that Mr. Daniel represented his age to be less than 65 years when he was in fact more than 65 years of age. He died more than one year after the issuance of the certificate of, insurance.
On its face, the certificate states the maximum age for insurance to be 65 years. The following language also appears thereon :
“You are not eligible for this insurance if on or before the date of indebtedness *176 you have passed the maximum age shown above, unless such indebtedness results from the renewal or refinancing of a previously insured indebtedness.”
After Mr. Daniel’s death, demand was made for payment under the policy, which was refused by Ford Life because the proofs of loss showed the misstatement of age above referred to. This suit was filed by Lessie Daniel, administratrix of the Succession of Mr. Daniel against Ford Life for payment of all amounts due under the policy. Defendant filed an exception of no cause of action and a motion for summary judgment based on the misstatement of age. The trial court maintained the motion for summary judgment, dismissing plaintiff’s suit, and the plaintiff has appealed.
The policy contains the following pertinent provisions:
“13. ENTIRE CONTRACT: INCONTESTABILITY: This policy and the Application of the Creditor attached hereto and made a part hereof, together with any riders or endorsements attached hereto, any written amendments hereof signed by the Creditor and Ford Life, and any individual applications or statements submitted in connection herewith, constitute the entire contract between the parties. All statements made by the Creditor or by any debtor will be deemed representations and not warranties, and no such statement will be used in any contest unless it is contained in the Application signed by the Creditor, or in a written instrument signed by the Debtor, a copy of which is or has been furnished to the Debtor or to the Creditor. This policy will be incontestable after one year from its effective date, except for nonpayment of premiums. No statement made by any insured Debtor will be used in any contest of the insurance with respect to which such statement was made after such insurance has been in force prior to the contest for a period of one year during the Debtor’s lifetime.
“14. MISSTATEMENT OF AGE: If the age of any insured Debtor has been misstated, there will be an equitable adjustment of the premium or amount of insurance hereunder, if applicable. If on the basis of his correct age the Debtor is not eligible for insurance hereunder with respect to any indebtedness, the liability of Ford Life will be limited to refund of any premium paid by the Creditor with respect to such indebtedness for credit to the account of the Debtor.”
Plaintiff claims that the incontestability provision of Section 13, supra, prevents defendant from urging the defense based on a misstatement of age as provided by Section 14, supra.
In commenting on similar clauses in a life insurance policy in Mutual Life Ins. Co. v. New, 125 La. 41, 51 So. 61 (1909), the Supreme Court said:
“Both clauses, being general, are to be construed together, and effect given to the two.
“This can be done by holding that the company had ample time to make inquiry about the insured within the two years after the date of the policy. If he has understated his age, the company may readjust the policy contradictorily with the insured on the basis of his age, as before stated in the statement of facts, as a method to be followed in the readjustment of the policy.
“It has been decided in another jurisdiction that, if he has departed this life, the adjustment may be made contradictorily with the legal representative of his succession, not a question involved here.
“But after two years have elapsed defenses are no longer available, unless the grounds are excepted by the terms of the policy.
“A short term of prescription has been created by the contract within which the insurer, if ever, must test the validity of his policy.”
*177 In Bernier v. Pacific Mut. Life Ins. Co. of California, 173 La. 1078, 139 So. 629 (1932), the policy excluded from coverage death arising from “engaging in aerial navigation”. It also contained a one year incontestability clause similar to that in this case. The insured was killed in an airplane crash more than one year after the date of issuance of the policy. The court held that, since the policy had been in effect over a year during the lifetime of the insured, it was no longer contestable on the ground of violation of the condition relative to aerial navigation.
In Garrell v. Good Citizens Mut. Ben. Ass’n, 204 La. 871, 16 So.2d 463 (1943), the Supreme Court said:
“From our appreciation of the case of Bernier v. Pacific Mutual Life Ins. Co. of California, 173 La. 1078, 139 So. 629, 632, 88 A.L.R. 765, the holding is to the effect that a defense is barred when the policy becomes uncontestable, except where it is preserved in the incontestability clause, irrespective of whether it is based on a denial of coverage or a plea of breach of the conditions of the policy. In other words, all defenses not specially excepted in the clause making the policy incontestable are barred when the period of time fixed in the incontestability clause has elapsed.”
Defendant claims that the provisions of R.S. 22:170, which was adopted after the foregoing cases were decided, have changed the law as therein expressed. That article, in Subsection B thereof provides, in part, as follows:
"A clause in any policy of life insurance, issued under this Code, providing that such policy shall be incontestable after a specified period shall preclude only a contest of the validity of the policy, and shall not preclude the assertion at any time of defenses based upon provisions which exclude or restrict coverage as provided in this Subsection, whether or not such restrictions or exclusions are excepted in such clause; nor upon a provision regarding misstatement of age as provided in Paragraph (4) of Subsection A of this Section, whether or not such provision is excepted in such clause.”
Paragraph (4) of Subsection A of R.S. 22:170 reads as follows:
“A provision that if the age of the person insured or the age of any other person whose age is considered in determining the premiums has been misstated, any amount payable or benefit accruing under the policy shall be such as the premium would have purchased at the correct age, or ages.”
Neither the foregoing, nor any of the exclusions covered in Subsection B of R.S. 22:170 purport to cover the situation we find in the instant case. In this case, we have an insured who, had he given his correct age, would not have been issued the policy. We view the defense tendered here as one which relates to the validity of the policy ab initio. Such a defense is precluded by the incontestability clause, under the provisions of R.S. 22:170(B), and under the clear holdings in the Bernier and Gar-rell cases, supra.
We therefore find that the motion for summary judgment was improvidently granted, and the judgment appealed from is reversed, and the case remanded to the trial court for trial on the merits in accordance with law. Defendant is granted 15 days from the date hereof within which to file answer. All costs of this appeal are to be paid by defendant, and all other costs to await final determination in the court below.
Reversed and remanded.