392 So.2d 181 (1980)
William PENN, Jr., Plaintiff-Appellee,
v.
LIGHTHOUSE LIFE INSURANCE COMPANY, INC., Defendant-Appellant.
No. 14364.
Court of Appeal of Louisiana, Second Circuit.
December 2, 1980.
Eugene J. Coen, and Barry E. Edwards, Shreveport, for defendant-appellant.
Kennedy, Goodman & Donovan by David B. Clinkenbeard, Shreveport, for plaintiff-appellee.
Before PRICE, HALL and MARVIN, JJ.
MARVIN, Judge.
Judgment was against the insurer and in favor of the plaintiff-beneficiary, brother of the decedent insured, for the proceeds of the life insurance policy purchased by the beneficiary. The judgment also assessed penalties against the insurer. The insurer appeals, contending the beneficiary did not have an insurable interest in the life of his *182 brother (LRS 22:613) and that the beneficiary, with the intent to deceive, made material and false representations to the insurer about the health of the insured (LRS 23:619(B)). We affirm.
Insurable interest includes individuals related closely by blood. § 613(C)(1). The statutory requirements are fulfilled when the insurer admits the decedent and beneficiary are brothers. An insurable interest per se results from a close blood relationship. See Goodwin v. Federal Mut. Ins. Co., 180 So. 662, 666 (La.App. 2d Cir. 1938).
Where there is no error patent on the record and in the absence of a transcript of testimony or a statement of fact, either by the trial court or by agreement of the parties litigant, we presume the judgment to be supported by competent evidence and to be free from error. Succession of Walker, 288 So.2d 328 (La.1974). Even should we assume that the beneficiary made false and material misrepresentations with the intent to deceive as contemplated by § 619(B), the policy sued on precludes the insurer from raising this defense after one year of its date of issue in an incontestability provision which reads:
"4. INCONTESTABILITY.This Policy shall be incontestable after one year from date of issue except for non-payment of premiums."
The date of issue of this policy was more than one year prior to the death of the decedent insured. The legal effect of such a provision is well settled. Garrell v. Good Citizens Mut. Ben. Ass'n, 204 La. 871, 16 So.2d 463 (1943); McKinney v. American Security Life Insurance Co., 76 So.2d 630 (La.App. 2d Cir. 1954).
The insurer's failure to properly interpret its own policy provisions in the light of well-settled law does not constitute "just cause" for the failure to pay life insurance policy benefits. LRS 22:656. Taylor v. Unity Industrial Ins. Co., 147 So. 91 (La. App. 2d Cir. 1933); Reichert v. Continental Insurance Company, 290 So.2d 730 (La.App. 1st Cir. 1974), writ denied.
At appellant's cost, judgment is
AFFIRMED.