685 So.2d 1134 (1996)
Eugenia THOMAS Plaintiff-Appellee,
v.
ALBERTSONS, INC., et al., Defendants-Appellants.
No. 28950-CA.
Court of Appeal of Louisiana, Second Circuit.
December 11, 1996.
Rehearing Denied January 16, 1997.
*1136 Mayer, Smith and Roberts by Kim Purdy Thomas, for Defendant-Appellant Essex Ins., Co.
Bodenheimer, Jones, Klotz & Simmons by Harry D. Simmons, for Defendant-Appellant Albertsons, Inc.
Ronald J. Miciotto, Shreveport for Plaintiff-Appellee.
Before STEWART, GASKINS and PEATROSS, JJ.
STEWART, Judge.
Eugenia Thomas filed a petition for damages in the 26th Judicial District Court, Bossier Parish, Louisiana, alleging personal injury suffered as the result of a slip and fall. Essex Insurance Company, insurer of Craig Evans, d/b/a Evans Floor Care, and Albertsons, Inc., appeal the judgment of the trial court in favor of Ms. Thomas awarding general damages in the amount of $20,000 and special damages as established at trial. Essex asserts three assignments of error while Albertsons asserts two assignments of error. For the following reasons, we affirm the judgment of the trial court against Essex and reverse the judgment against Albertsons.

FACTS
At approximately 1:30 a.m. on April 4, 1993, Ms. Thomas slipped and fell in a puddle of water on the floor, apparently spilled from a mop bucket, of the Albertsons' store located on East Texas Street in Bossier City, Louisiana. She suffered a severe ankle sprain and pain and numbness through the left side of her body which she continues to experience to this date.
She filed a petition for damages against Albertsons, Craig Evans, d/b/a Evans Floor Care, and Essex, Evans' insurer. Evans was never served with the lawsuit. The trial court denied, with written reasons assigned, a motion for summary judgment filed by Essex. Following trial, the court rendered a written decision finding both Essex and Albertsons at fault and awarding damages to Ms. Thomas.

DISCUSSION
Essex' Assignment of Error # 1: The trial court erred in denying Essex' motion for summary judgment.
Essex contends that the trial court erred in denying the motion for summary judgment filed by them in which they assert that Endorsement # 1, a warranty of coverage provision, would exclude coverage for this accident because Evans failed to follow the procedures attached to the policy entitled "Evans Floor Care Nightly Procedures," specifically the provisions regarding posting caution signs on the front door, at all entrances, and at both ends of the area being cleaned and never leaving wet floors unattended.
No appeal lies from denial of a motion for summary judgment. La. C.C.P. art. 968. A trial court's overruling a motion for summary judgment is an interlocutory judgment, causing no irreparable injury, which can only be appealed with the final judgment in the case. Mobley v. State Farm Mutual Automobile Insurance Co., 28,357 (La.App.2d Cir. 5/8/96), 674 So.2d 1117; Leonard v. Stephens, 588 So.2d 1300 (La.App. 2d Cir.1991). The general standard to be applied in reviewing the grant or denial of a summary judgment motion is the same as that which the trial court is required to employ initially. On summary judgment, the inferences to be drawn from the underlying facts contained in the summary judgment evidence and materials must be viewed in the light most favorable to the party opposing the motion. Billiot v. B.P. Oil Co., 93-1118 (La.9/29/94), 645 So.2d 604. For the reasons stated herein, we hold that the trial court correctly determined that the issue of coverage pursuant to the policy of insurance issued by Essex to Craig Evans d/b/a Evans Floor Care was an issue of material fact precluding summary judgment.
Certain basic principals regarding interpretation of insurance polices were enunciated *1137 by the Louisiana Supreme Court in Louisiana Insurance Guaranty Association v. Interstate Fire & Casualty Co., 93-C-0911 (La.1/14/94), 630 So.2d 759. An insurance policy is an agreement between the parties and should be interpreted by using ordinary contract principles. Ledbetter v. Concord General Corp., 95-0809 (La.1/6/96), 665 So.2d 1166; Smith v. Matthews, 611 So.2d 1377 (La.1993). Exclusionary provisions in insurance contracts are strictly construed against the insurer, and any ambiguity is construed in favor of the insured. Ledbetter v. Concord General Corp., supra; Garcia v. St. Bernard Parish School Board, 576 So.2d 975 (La.1991). The insurer bears the burden of proving that a loss comes within a policy exclusion. Louisiana Maintenance Services, Inc. v. Certain Underwriters at Lloyd's of London, 616 So.2d 1250 (La.1993); Capital Bank & Trust v. Equitable Life, 542 So.2d 494 (La.1989); Lado v. First National Life Insurance Co., 182 La. 726, 162 So. 579 (1935). The judicial responsibility in the interpretation of an insurance policy is the determination of the common intent of the parties. Garcia v. St. Bernard Parish School Board, supra; W. McKenzie & H. Johnson, 15 Louisiana Civil Law Treatise, Insurance Law and Practice Sec. 4 (1986).
The insurance policy admitted into evidence establishes that Essex issued a comprehensive general liability insurance policy to Craig Evans d/b/a Evans Floor Care for the period from March 11, 1993 to March 11, 1994, with certain restrictive endorsements. The policy provision pursuant to which Essex contends that coverage is excluded is attached as Endorsement # 1. That endorsement states "It is a warranty of this coverage that the attached procedures shall be adhered to at all times by employees or no coverage will be in force." Essex asserts that Evans' employees failed to comply with the specified procedures and that, therefore, coverage for this incident is excluded. Those procedures are enumerated as follows:

EVANS FLOOR CARE

NIGHTLY PROCEDURES
1. ADVISE STORE OF YOUR ARRIVAL.
2. CHECK SCRUBBER, START BUFFER.
REPORT ANY MACHINE FAILURE IMMEDIATELY.
3. POST CAUTION SIGN ON FRONT DOOR.
4. POSITION WET FLOOR SIGN AT ALL ENTRANCES. IF STRIPPING, TAPE OFF AREA.
5. POSITION WET FLOOR SIGNS AT BOTH ENDS OF AREA YOU INTEND TO BEGIN WITH.
ONLY AFTER YOU HAVE COMPLETED ALL ABOVE TASKS MAY YOU BRING THE SCRUBBER OR MOP BUCKETS ONTO THE SALES FLOOR.
6. MOVE WET FLOOR SIGNS ACROSS STORE AS YOU MOVE TO NEW AREAS.
7. UPON COMPLETION OF WORK, STORE ALL WARNING SIGNS, DRAIN AND PLUG IN SCRUBBER. CLEAN BUFFER AND FILTER. CHECK OUT WITH MANAGER ON DUTY. NEVER LEAVE WET FLOORS UNATTENDED. FAILURE TO FOLLOW THESE PROCEDURES WILL RESULT IN IMMEDIATE TERMINATION.

Upon consideration of the record, we find that Essex failed to carry its burden of proving that the loss came within the policy exclusions. Although Ms. Thomas and Danny Turner, Albertsons' courtesy clerk on duty the night of the incident, whose deposition was admitted into evidence, testified that they did not notice any warning signs or see an Evans' employee attending the mop bucket, Essex did not establish that mopping of the floor was in progress or that Evans' employees failed to comply with any other procedure.
Further, Evans paid a premium of approximately $26,000.00. Clearly, a review of the insurance policy indicates that the policy was purchased to provide coverage for incidents such as the one at issue in this case. If coverage is to be excluded for failure to comply with the procedures as written, then, *1138 under any imaginable scenario, coverage would be excluded. Such an interpretation of the insurance policy would violate public policy. Therefore, this assignment of error is without merit.

Essex' Assignment of error # 2: The trial court erred in finding that Ms. Thomas and Albertsons established that Craig Evans, d/b/a Evans Floor Care, had contracted with Albertsons to maintain the floors and was actually doing so at that location, and the trial court erred in not finding that Albertsons' failure to call witnesses within their control who could have testified regarding such a contract created a presumption that their testimony would have been unfavorable.
Essex further contends that neither Ms. Thomas nor Albertsons established that Albertsons had contracted with Evans at the East Texas location and that Evans was providing service at the time of the accident. In support of their position, Essex notes that Evans was never served with the petition, no contract that was effective at the time of the accident was introduced into evidence, and the manager of that particular Albertsons on the date of the incident was not called as a witness.
An appellate court may not set aside a trial court's finding of fact absent manifest error or unless the fact finder is clearly wrong. Lewis v. State through DOTD, 94-2730 (La.4/21/95), 654 So.2d 311; Theriot v. Lasseigne, 93-2661 (La.7/5/94), 640 So.2d 1305; Stobart v. State, through DOTD, 617 So.2d 880 (La.1993).
Essex argues that the "manifest error" standard does not apply in that the trial court failed to articulate evidentiary facts upon which the court's conclusion was based. Essex asserts that this court should review the record and make its own independent finding. Bloxom v. Bloxom, 512 So.2d 839 (La.1987); McCartney v. Columbia Heights Nursing Home, 25,710 (La.App. 2 Cir. 3/30/94), 634 So.2d 927; Guy v. State, through DOTD, 576 So.2d 122 (La.App. 2 Cir.1991).
By deposition, Mr. Turner testified that the person mopping the floor on the night in question was not an employee of Albertsons. Ms. Thomas testified, without objection, that the store manager told her that Evans was responsible for cleaning the floors. Richard Elliot, East Texas Street store manager at the time of trial, testified that at the time of Ms. Thomas' accident that he was manager at another Albertson's store. Elliot stated that he had hired Evans to service the floors at his store and that he knew that Evans had also contracted with East Texas Street store, at the time Ms. Thomas was injured, because he had discussed the matter with the store manager. Although a contract for the period in question was not admitted into evidence, contracts with Evans for both the Bossier City location and the Mansfield Road store which were executed in October, 1993, were introduced.
Pursuant to either standard of review, we do not find this assignment to have merit. We cannot say that the trial court was clearly wrong in finding that Albertsons had contracted with Evans to service the floors at the Bossier City store at the time of Ms. Thomas' accident. Further, upon making an independent review of the record, we find that Ms. Thomas and Albertsons proved by a preponderance of the evidence that Evans had contracted to and did actually clean the floors at the time of Ms. Thomas' accident.
Essex also contends that Albertsons' failure to call witnesses within its control created a negative presumption concerning their testimony and cites Gurley v. Schwegmann Supermarkets, Inc., 617 So.2d 41 (La.App. 4 Cir.1993), in support of their position. We find that argument unpersuasive. Albertsons accounted for the absence of Marcus Duhon, former store manager at the East Texas location. Mr. Duhon currently resides in Alexandria and was unavailable for trial. Mr. Evans was unable to be served with a copy of the lawsuit. Additionally, as Essex' insured, Mr. Evans was their witness and within their control to call to appear. We do not find that any presumption was created that testimony from either of these gentlemen would have been unfavorable to Albertsons' position.
*1139 Therefore, this assignment is without merit.

Albertson's Assignment of Error # 1: The trial court erred in finding Albertsons negligent in causing injury to Ms. Thomas.
Albertsons contends that they are not liable for the damage suffered by Ms. Thomas because they had contracted with an independent floor care contractor who was responsible for cleaning the floors, posting caution signs, and attending the areas being mopped. Albertsons argues that their employees were not responsible for condition of the floor and that Ms. Thomas has failed to prove that the merchant created or had constructive notice of the condition and that the merchant failed to exercise reasonable care.
Generally, a principal is not liable for the offenses committed by an independent contractor while performing its contractual duties. Sandbom v. BASF Wyandotte, Corp., 95-0335 (La.App. 1 Cir. 4/30/96), 674 So.2d 349; Perrit v. Bernhard Mechanical Contractors, Inc., 95-1462 (La.App. 1 Cir. 2/23/96), 669 So.2d 599. This rule is subject to two exceptions: (1) when the work is ultrahazardous or (2) if the principal reserves the right to supervise or control the work of the independent contractor. Sandbom v. BASF Wyandotte, Corp., supra; Perrit v. Bernhard Mechanical Contractors, Inc., supra; Crane v. Exxon Corp., U.S.A., 613 So.2d 214 (La.App. 1 Cir.1992).
The parties stipulated that if Mr. Turner were called to testify that he would state that Albertsons' employees were not responsible for the mop bucket and that Albertsons used independent contractors to clean the floors. Mr. Elliott testified that Albertsons contracted with independent contractors for floor cleaning services. The contracts admitted into evidence specify in Paragraph 11 that Evans is operating as an independent contractor for janitorial services. A blank form contract used by Albertsons to contract for janitorial services was also admitted into evidence. That contract was substantially the same as the other contracts admitted into evidence. It also included a paragraph which indicated that the contractor would operate as an independent contractor. Clearly, the record establishes that Evans was an independent contractor.
No testimony indicated that Albertsons retained control or supervision of the floor cleaning work done by Evans. Consequently, the exceptions to the general rule do not apply in this case.
Ms. Thomas asserts that Albertsons is liable pursuant to La. R.S. 9:2800.6(B) which provides that a merchant may be liable for loss sustained due to a fall because of a condition existing in or on the premises if the claimant proves:
1. The condition presented an unreasonable risk of harm to the claimant and that risk of harm reasonably foreseeable;
2. The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and
3. The merchant failed to exercise reasonable care.
Although the wet floor did present an unreasonable risk of harm, Ms. Thomas has failed to show that Albertsons knew or had constructive knowledge of the puddle on the floor or that Albertsons failed to exercise reasonable care.
Therefore, we find that Albertsons is not liable to Ms. Thomas for the damage she suffered due to her fall.
Because of our finding regarding Albertsons' first assignment of error, Albertsons' second assignment of error is without merit and will not be discussed.

DECREE
For the foregoing reasons, we affirm the judgment of the trial court regarding the liability of Essex and the amount of damages awarded and reverse the judgment of the trial court regarding the liability of Albertsons. Costs of this appeal are assessed to Essex.
AFFIRMED in part. REVERSED in part.

*1140 APPLICATION FOR REHEARING
Before NORRIS, STEWART, GASKINS, CARAWAY and PEATROSS, JJ.
Rehearing denied.