**No. ――**

**First Circuit**

―――

**WATKINS CO. v. BROWN ET ALS.**

―――

(February 15, 1928. Opinion and Decree.)
(March 7, 1928. Rehearing Refused.)
(April 9, 1928. Writ of Certiorari and Review denied by Supreme Court.)

―――

*(Syllabus by the Editor)*

1. **Louisiana Digest—Obligations—Par. 4, 97, 99.**
An agreement which gives the obligor the right to terminate the contract at an earlier date than that fixed for its expiration does not abrogate the ob-

ligation on which it rests and is not a potestative condition.

(See Civil Code, Articles 2024 and 2034— Editor's Note.)

Appeal from the Parish of Tangipahoa. Hon. Columbus Reid, Judge.

Action by J. R. Watkins Company against Robert Lee Brown, et als.

There was judgment for defendant and plaintiff appealed.

Judgment reversed and case remanded for new trial.

Lindsay McDougall, of Covington, attorney for plaintiff, appellant.

S. S. Reid, of Amite, attorney for defendant, appellee.

MOUTON, J. This suit is on a written contract against Brown as principal, Bond and Vernon, as sureties. The suit was dismissed on an exception of no cause of action. The suretyship was given for a further advance of goods to the principal, and an extension of time on an accrued debt of plaintiff company amounting to $1,372.00. This was a sufficient consideration for the guarantee. Peterson vs. Rabito, et al., 114 So. 354.

The exception relies mainly on the decision by this Court in the case of the same plaintiff company vs. Russell, and on the contention that the suretyship is null because it contains a potestative condition. In the Russell case the demand against the sureties was rejected because the contract had been made in violation of the Public Policy of the State, or of a prohibitory law. In the petition of plaintiff which must be taken as true, there is nothing to indicate that its demand is susceptible to such legal objections so as to authorize its dismissal under the exception. Such issues may become important factors on the merits, but are not pertinent to the present appeal.

In the contract signed by the sureties the right is given plaintiff company to terminate the contract at a date earlier than the time fixed for its expiration, but does not abrogate the obligation on which it rests. It simply gave plaintiff, at its option, the right to advance the time of payment, the principal and his sureties remaining bound, however, to pay the debt whatever the balance might be. This agreement was not null because affected with a potestative condition. Even if the agreement was vitiated by a potestative condition because the debt could be made collectible at the will of the plaintiff company, it could not affect plaintiff, the obligor, and could apply only to defendants, obligees. Conques vs. Andurs et als., 162 La. 73, 110 So. 93. The exception was erroneously maintained.

It is therefore ordered and decreed that the judgment be avoided and reversed, that the exception be and is hereby overruled, and the case be remanded for trial according to law.