No. 586

First Circuit

—

## J. R. WATKINS CO. v. HOGGATT ET AL.

—

(May 6, 1930.   Opinion and Decree.)
(June 9, 1930.   Rehearing Refused.)

—

Miller & Richardson, of Bogalusa, attorneys for plaintiff, appellant.

Ott & Johnson, of Franklinton, attorneys for defendants, appellees.

LeBLANC, J. This is a suit on a written contract entered into between the plaintiff, J. R. Watkins Company, and the defendant Luther G. Hoggatt, and in which the other defendants, M. A. Thigpen and L. L. Bankston, also bound themselves, in solido, as sureties, to guarantee the payment of any indebtedness that may become due thereunder by the principal, Luther G. Hoggatt.

The contract is dated November 26, 1924. It is a renewal of previous contracts between the two principals, under the terms of which the Watkins Company bound and obligated itself to sell and deliver, at wholesale prices, medicines, extracts, perfumery, and other goods and articles which it manufactured, to the defendant, Hoggatt, as reasonably required by him, for resale in the parish of Washington, except in the city of Bogalusa.

The defendant had been falling behind in his business, and, on November 26, 1924, when the contract sued on was entered into, he was indebted to the plaintiff in the sum of $1,648.32, as recognized by the terms of the contract itself. The parties continued their business relations under the new contract. Goods were shipped between December 2, 1924, and June 10, 1926, to the extent of $780.62. On the latter date, availing itself of rights it claimed under it, the plaintiff canceled the contract. As the defendant had in the meantime made payments amounting to $848, the balance due under the contract was $1,580.94, the amount sued for.

The defendant Hoggatt admits the execution of the contract, and the amount of his indebtedness as fixed therein, admits the subsequent transactions under the agree-

ment, and admits having collected $500 in addition to amounts previously remitted, which amount he tendered in full satisfaction of his obligations under the contract.

He claims to be released from further liability, because the plaintiff, by refusing to fill his orders as required by him, has violated the contract and made it impossible for him to continue his further compliance with its terms. He reconvened in his answer and asks for a judgment against the plaintiff in the sum of $2,000 for damages which he alleges he suffered in his business.

The two other defendants seek to be released from their obligation as sureties on the ground that they received no consideration for signing the contract, and otherwise they adopt the answer of their principal and make it their own. They pray that, in the event judgment be rendered against them on the contract, their principal be condemned to pay them any amount they may be compelled to pay.

The lower court rendered judgment in favor of plaintiff in the sum of $500, the amount tendered by Hoggatt, and condemned the plaintiff to pay the costs. In effect, it was a judgment against the plaintiff, from which this appeal was taken. Defendant Hoggatt has answered the appeal asking for a judgment in the sum of $500 on his reconventional demand.

As the contract, with all its terms and conditions including the indebtedness fixed in it, is admitted, the issue is narrowed down to the one point, whether the defendant Hoggatt has become released from his obligations thereunder, on the ground which he sets out.

His theory is that his business with the plaintiff was a running one which was expected to continue from year to year, and that the plaintiff was to continue to supply him with goods so that he could continue to sell them at retail and have, at all times, outstanding collectible accounts sufficient to protect his indebtedness to the plaintiff. In other words, his ability to liquidate his indebtedness with plaintiff depended on his collecting his outstanding accounts, and, to collect these, he had to have goods to offer and sell. Under his theory of course, he claims that, when plaintiff stopped supplying him with goods, he could no longer collect any of his accounts, and therefore he was discharged from further liability.

We are unable to find anything in the contract to justify or support such contention.

Each contract, as we read it, is a separate and distinct agreement covering the period of time for which it had been entered into. On the sheet on which the contract is printed, there is a note, also printed, below the signatures of the parties, in which is expressed plaintiff's willingness to make a new agreement with the defendant, provided, however, the business has been conducted in a manner satisfactory to it. Surely this note of itself cannot be construed as a clause by which the contract is mutually extended and continued from year to year. Plaintiff's obligation to renew, if it had any, was predicated upon its determination of the condition of the business, and it can hardly be said that, in refusing to continue, it acted arbitrarily, when it is considered that each year, from the time the first contract expired in 1914, there was an indebtedness due by the defendant which increased steadily each year, was reduced very little a year or two before the contract sued on was executed, but which, nevertheless, amounted on that date to the sum of $1,648.32.

Defendant's contention that plaintiff violated the agreement by only partially filling his orders is met by both the proof in the case and by a stipulation in the contract itself. The latter gave the plaintiff discretion to either limit the sales or discontinue them altogether, if the defendant did not pay cash with his order, or if the payments reported in the weekly blanks furnished by plaintiff were insufficient to pay therefor. The testimony shows that the reductions made by plaintiff in filling the orders were inconsiderable when compared to the full amount of the order, and also that the defendant was not making payments in accordance with the terms of the agreement.

That plaintiff had the right to terminate the agreement on giving proper notice is plain from the contract itself which granted that privilege to either party. Proper notice was given to the defendant and to the sureties as well, and thereupon, under the same clause in the contract, defendant's indebtedness became due and payable at once.

The contract sued on in this case is plain and unambiguous. Having been executed by the parties in good faith, it constitutes the law between them. Under none of its provisions can we find wherein it was contemplated that the plaintiff was to go on indefinitely supplying this defendant with merchandise and depend on his collecting his outstanding accounts to be paid the amount of their indebtedness. We are of the opinion that plaintiff had reason to feel dissatisfied with the defendant's business and was justified in exercising its right to cancel the contract. When it was canceled, as we have already said, defendant's indebtedness became immediately due and exigible and his sureties became jointly and severally liable with him under their guaranty.

The claim in reconvention having been based on a violation of the contract on the part of plaintiff, and we having held that there was no violation, it follows that the demand will have to be rejected.

The judgment of the lower court was correct in dismissing the reconventional demand of the defendant Hoggatt, but it was erroneous, in that it allowed the plaintiff only the amount of $500 which had been tendered. That sum was just an arbitrary figure at which the defendant fixed his indebtedness, and there is nothing in the record to support it. The amount sued for was fully proven and is the one which should have been allowed. The judgment was also erroneous in not condemning the defendants Thigpen and Bankston, in solido, with the defendant Hoggatt, under their contract of suretyship.

The whole judgment will therefore be recast so as to read:

It is now ordered, adjudged, and decreed that there be judgment herein in favor of the plaintiff, J. R. Watkins Company, and against the defendants, Luther G. Hoggatt, M. G. Thigpen, and L. L. Bankston, condemning them to pay jointly, severally, and in solido, to the said plaintiff, the full and entire sum of $1,580.94, with interest at the rate of—— per cent from ———until paid, reserving to the defendants Thigpen and Bankston the right to proceed against the defendant Hoggatt to recover any amount they each may be called on to pay under this judgment.

It is further ordered that the defendants pay all costs in the district court, as well as the costs of this appeal.