## J. R. WATKINS CO. v. GANN et al.
## No. 1440.

Court of Appeal of Louisiana.
First Circuit.
March 4, 1935.

S. S. Reid, of Amite, for appellant.

Rownd & Warner, of Hammond, for appellees.

LE BLANC, Judge.

On June 26, 1930, plaintiff company entered into a written contract with Percy Tilman Gann, under which the latter bound himself to buy from it and resell such goods and other articles manufactured or sold by it when delivered to him and as reasonably required by him. C. S. Tycer, L. M. Cook, and Ellis Starkey became sureties for Gann under the contract, and they are all three impleaded as parties defendant with him and in this suit to recover the sum of $157.04 alleged to be due thereunder. Gann died after the filing of the suit, and his widow and heirs were made parties defendant in his place and stead.

The contract was for a limited period of time and with regard to where Gann was to conduct the business contemplated, it provided as follows: "In the locality in which he is now engaged, or intends to engage in business, a description of which locality he agrees to furnish and deliver to the company in writing prior to its acceptance of this agreement; but the furnishing of such description may be waived by the company at its election, without notice to the purchaser or the sureties herein." The petition, and the record as well for that matter, fail to disclose whether Gann furnished such description, or whether the same was waived by the company.

The widow and heirs of Gann did not appear to defend the suit, and neither did Ellis Starkey, one of the sureties. Judgment was taken against them by default. The other sureties, C. S. Tycer and L. M. Cook, defended on the alleged nullity of the contract on three grounds: First, that there was consideration for the execution of the same either to themselves or to the principal, Percy T. Gann; second, that it contained a postestative condition on the part of plaintiff in that it reserved the right to terminate the same at will upon giving notice by mail; and, third, that it was against the public policy of the state of Louisiana, in that by its terms the principal, who was not a registered pharmacist or licensed physician, bound himself to become an itinerant vendor of drugs, nostrums, ointments, and applications intended for the treatment of disease or injury, and did sell the same in violation of the provisions of section 12 of Act No. 56 of 1914.

We do not know which of these defenses was sustained in the court below which rendered judgment in favor of these defendants, from which judgment plaintiff has appealed.

■ With regard to the first ground on which the contract is attacked as being null, the defendants merely allege that there was no consideration for its execution without alleging in what respect there was a failure of consideration. They have simply stated a conclusion without alleging any facts in support of it and, as there appears to be the usual consideration of a contract of surety in the

one signed by the guarantors in this case, we find no merit in their contention.

The proposition as to whether or not the contract contains a potestative condition was passed on in the case of this same plaintiff v. Robert Lee Brown, 8 La. App. 46. This court there rejected the contention that it did, and we find no reason to change the views we entertained at that time on this same question.

The last and most serious attack aimed at the contract is that it is in violation of the provisions of section 12 of Act No. 56 of 1914. That section of the act, in so far as it is pertinent to the issue here made, reads as follows: "Be it further enacted, etc., That any itinerant vendor of any drug, nostrum, ointment or application of any kind, intended for the treatment of disease or injury * * * shall if found guilty, be fined in any sum not less than twenty ($20) dollars and not exceeding one hundred ($100) dollars for each offense, to be recovered in an action of debt, before any court of competent jurisdiction, or shall be imprisoned for a term of not less than ten (10) days or more than thirty (30) days, or be both fined and imprisoned."

It is not disputed that among the articles sold and furnished to Gann by plaintiff, and by him resold, were some of those the sale of which by an itinerant vendor was prohibited under the section of the act just quoted. The important question then is, Was he an itinerant vendor?

The record in the case indicates that it was submitted on the pleadings and the annexed documents, as there was not a word of testimony offered by either side.

In looking into the decisions for authority, we find that this same plaintiff company has been plaintiff in two cases before this court, in which this same point was involved. One was a suit brought by it against a man named Russell which was decided in June, 1924, at a time when the decisions of the court were not officially reported. The other was the suit against Robert Lee Brown, decided on the merits on March 5, 1930, and reported in 13 La. App. 244, 126 So. 578. In both of those cases as also in a suit brought against Luther G. Hoggart et al., reported in 13 La. App. 512, 128 So. 180, although the issue presently under consideration was not made, it appeared from the contents of the contract on which plaintiff relied, that the seller of their goods and merchandise was an itinerant vendor and he was held to be such in both the Russell and Brown Cases. It may be that it was

with the purpose of getting around the effect of those decisions that the contract was changed and made to read as does the one in this case; the pertinent provisions having already been quoted at the beginning of this opinion. The contract, in its present form, may very well be a subterfuge on the part of the plaintiff; and we are inclined to believe that that was the reason which prompted the district judge to reject its claim. Yet we do not think that a conclusion can be reached from the reading of the contract alone. We are somewhat at a disadvantage, inasmuch as the district judge assigned no written reasons for judgment, and counsel for the defendants have not furnished us with a brief.

The contract in this case, as were those in the cases herein referred to, should be abrogated, if it is in contravention of a prohibitory law. The policy of the court of course is to uphold a law enacted such as was Act No. 56 of 1914, in the interest of public health. That is what we want to do in the present case, but can only do so after being fully satisfied that the contract is in violation of the statute. Our purpose, we think, can easily be accomplished by remanding the case to the lower court for the purpose of having testimony adduced on the question as to whether or not Percy Tilman Gann, the party who contracted with the plaintiff, was an itinerant vendor of plaintiff's merchandise, including the articles prohibited under Act No. 56 of 1914, or merely sold the merchandise and such articles as an ordinary merchant in a store or other building. As authority for taking this course, we invoke the provisions of article 906 of the Code of Practice which apply to cases on appeal, and which we quote as follows: "But if the court shall think it not possible to pronounce definitively on the cause, in the state in which it is, either because the parties have failed to adduce the necessary testimony, or because the inferior court refused to receive it, or otherwise, it may, according to circumstances, remand the cause to the lower court, with instructions as to the testimony which it shall receive, to the end that it may decide according to law."

For the reasons stated, and, acting on the provisions of the article of the Code of Practice cited, it is now ordered, adjudged, and decreed that the judgment appealed from herein be, and the same is hereby, reversed, and set aside, and it is further ordered, adjudged, and decreed that this case be, and the same is hereby, remanded to the lower court for the purpose of having adduced before that court testimony on the question as to whether or

not Percy Tilman Gann, who entered into the contract with plaintiff which is herein sued upon, was an itinerant vendor who went from house to house in a given territory, canvassing and soliciting orders, and selling articles, goods, and merchandise of the plaintiff, or merely sold the plaintiff's goods and merchandise as an ordinary merchant doing business in a store or other business house or building.

It is further ordered that the costs of this appeal shall be borne by the plaintiff, and all other costs shall abide the final determination of the cause.