Plaintiff sues Mrs. H.H. Hammons and her sureties, R.L. Adams and Clayton J. Norred, for $121.49 with 5% per annum interest from February 25, 1943, for the balance due on an account that was commenced in 1941 and continued through the year 1944. A new contract was entered into each year and some years different sureties signed. Defendants first filed a prayer for oyer and when this was answered the itemized account disclosed numerous items of proprietary remedies, the sale of which by itinerant vendors is prohibited by Section 12 of Act No. 56 of 1914, and penalties provided for violation.
Defendants then filed an exception of no cause and no right of action, reading, so far as pertinent here, as follows: *Page 407 
"1. That said plaintiff's petition, as amplified and explained by the itemized verified statement of account, and alleged contracts herein filed for answer to the prayer for oyer herein filed, and which filings are annexed to and made a part of said plaintiff's petition and appearing in the record of the suit, shows that said purported contract is illegal, null, void, and of no effect; that said contract is violative of the provisions of a prohibitory law; and the whole thing is an illegal transaction and all parties thereto are estopped and the law leaves them with their illicit loss or gain where it finds them. That every contract must have a lawful cause, and since the present alleged contract has an unlawful purpose and an unlawful cause, such is contrary to good morals and public order, and it can have no effect and a Court of Justice will not lend its aid to enforce it. That this issue has been before the Court of Appeal of this State five times and each time the contract alleged upon has been decreed illegal, and the parties have been left where they placed themselves and such alleged contracts have been decreed, illegal, null, void, and without any legal effect. That, therefore, the petition and annexed documents discloses no right and no cause of action on which recovery can be had."
This exception was sustained and plaintiff's suit dismissed, evidently on the authority of a number of cases decided by our appellate courts, such as J. R. Watkins Co. v. R.L. Brown, 13 La. App. 244, 126 So. 587. J. R. Watkins Co. v. Gann, La. App., 159 So. 747, W. T. Rawleigh Co. v. Hicks, La. App., 171 So. 616 and W. T. Rawleigh Co. v. Coen, La. App., 195 So. 660. In all these cases it was shown either by the contracts or by evidence on trial on the merits that the principal defendant was an itinerant seller or peddler of plaintiffs' products, which included various proprietary remedies, sale of which by itinerant vendors is prohibited by Act No. 56 of 1914 as above stated, and it was also shown that the plaintiffs knew and intended that the products were to be peddled from house to house. All of the above cases were based on contracts and accounts made prior to 1938, although the Coen case, La. App., 195 So. 660, was decided in 1940. In the cited cases the contracts were held to be illegal and plaintiffs' demands rejected.
But plaintiff in this case says that Section 12 of Act No. 56 of 1914 has been repealed by Act No. 150 of 1938, a part of Section 1 of which reads as follows: "Be it enacted by the Legislature of Louisiana, That there is hereby levied an annual license tax for the year 1938, and for each subsequent year, upon each person, association of persons, firm or corporation engaged in the trade, profession, vocation, calling or business of going from house to house, or from place to place selling or offering for sale spices, flavoring extracts, toilet articles, soaps, insecticides, stock and poultry supplies, proprietary medicines and household remedies in original packages of the manufacturer and other packaged articles of the like or kind commonly used on the farm and in the home, which tax is to be determined as follows: * * *."
Then follows the license fee for various means of travel and finally the repealing clause, Section 9, which reads as follows: "That all laws or parts of laws in conflict herewith be, and the same are, hereby repealed."
Plaintiff also contends that the Act of 1914 is repealed by Act No. 166 of 1942, which is a general license law and specially repeals Act No. 150 of 1938, but includes in Section 16(b) the same provisions as Act No. 150 of 1938, which it repeals.
Act No. 56 of 1914, as is shown by its title, is an act to regulate the practice of medicine, surgery and midwifery and to create boards of medical examiners, etc. Section 12 of this act reads as follows: "Be it further enacted, etc., That any itinerant vendor of any drug, nostrum, ointment or application of any kind, intended for the treatment of disease or injury, or who may by writing, print or other methods, profess to cure or treat disease or deformity by any drug, nostrum, manipulation, or other expedient in this State, shall, if found guilty, be fined in any sum not less than twenty ($20) dollars and not exceeding one hundred ($100) dollars for each offense, to be recovered in an action of debt, before any court of competent jurisdiction, or shall be imprisoned for a term of not less than ten (10) days or more than thirty (30) days, or be both fined and imprisoned."
[1-3] Act No. 150 of 1938 is a special license law and Act No. 166 of 1942 is a *Page 408 
general license law amending certain sections and repealing one section of Act No. 15 of the Third Extra-Ordinary Session of 1934. Thus it is clear that the last two acts, which it is contended repeal Section 12 of Act No. 56 of 1914 by implication, do not deal with the same subject matter, and, as a matter of fact, mention different character of products. It is certain that the Legislature intended to legalize the sale of such products as it describes in Act No. 150 of 1938 and Act No. 166 of 1942. It said so in Section 5 of the 1938 act and Section 16(b) of the 1942 act. Section 5 of the Act of 1938, which is copied in the Act of 1942, reads as follows: "Thatupon payment of the license or licenses herein provided, itshall be lawful for such licensed itinerant vendors to sell anyor all of the merchandise herein described in the mannerprescribed in this Act." (Emphasis ours.)
Inasmuch as Act No. 56 of 1914 is not on the same subject matter as the two license laws which it is contended repeal Section 12 of Act No. 56 of 1914 by implication, and for the further reason that they do not describe identical products, the sale of which is prohibited by Section 12, it is our opinion that Section 12 is not repealed. We believe that the apparently conflicting acts can be reconciled so as to give effect to all of them.
"Repeals by implication are not favored; and, if it is possible to reconcile statutes by any fair and reasonable construction, courts will do so." Bennett-Brewer Hdw. Co., Inc. v. Wakeman, 160 La. 407, 107 So. 286.
"Existing law must give way sufficiently to enable latest law to be effective, and must be regarded as amended * * * to that extent." Moss v. Levin, 10 La. App. 149, 119 So. 558, 120 So. 258.
[4] Whether or not the products, or any part of them, sold by plaintiff to Mrs. Hammons are those the sale of which is prohibited by Section 12 of Act No. 56 of 1914, or whether they are products the sale of which is legal under the provisions of Act No. 150 of 1938 and Act No. 166 of 1942, is a question of fact not disclosed by the record to date, and, in our opinion, it will require the taking of testimony to determine this question.
In this court defendants urge that the exception of no cause and no right of action should be sustained because plaintiff is prohibited from maintaining any suit in the courts of this State by reason of the provisions of Act No. 8 of the Third Extra-Ordinary Session of the Legislature for 1935, the first section of which reads as follows: "Be it enacted by the Legislature of Louisiana, That no foreign corporation doing business in this State shall be permitted to present any judicial demand before any court of this State, unless and until it has complied with the laws of this State for doing business herein, and unless and until it has paid all taxes, excises and licenses due to the State, provided that nothing in this act shall be construed to prevent the bringing of a cause of action against any such foreign corporation."
[5-7] Apparently this contention was not made in the lower court because it is not mentioned in plaintiff's brief nor in the exception filed by defendants, and, for that reason, it cannot be considered in this court. In passing, however, it may be said that whether or not a foreign corporation is doing business in this State is a question of fact to be determined from either the pleadings or the evidence and there is nothing in the record in this case to date to show whether or not the plaintiff is doing business in this State. We agree that one of the ways to raise this question is by way of exception of no cause and no right of action. Brown v. Grosjean, Supervisor of Public Accounts, 189 La. 778, 180 So. 634.
However, if defendants do not raise the question in the lower court, they cannot do so here.
For these reasons this cause is remanded to the district court for further proceedings consistent with law and the views herein expressed. Costs of this appeal to be paid by defendants-appellees. All other costs to await final determination of this cause. *Page 456