HARDY, Judge.
This is an action by plaintiff seeking judgment for damages resulting from an alleged breach of contract of employment, and he prosecutes this appeal from a judgment of the district court sustaining defendant’s exception of no cause of action and dismissing his claim as of nonsuit. Defendant has answered the appeal, praying that the judgment appealed from be amended by sustaining the exception of no cause and no right of action, dismissing plaintiff’s suit and rejecting his demands.
Plaintiff’s petition alleged that on or about July 7, 1955 he entered into a contract of employment with KTBS, Inc., the *602 original copy of said contract being annexed to the petition; that on or about October 23, 1957, KTBS, Inc. sold its radio station to the defendant, Foster & Associates, Inc., the contract of employment in question being assigned to said defendant in conjunction with the sale; that on January 14, 1958 defendant gave plaintiff written notice of termination of his employment as of January 29, 1958; that the said action of defendant constituted an active breach of the existing contract and under the provisions thereof defendant became liable to plaintiff for the amount of his salary for the unexpired term and 25% penalty thereon, all as provided in the contract, amounting to a total sum of $22,399.-68, which is the measure of damages for which he prays. Examination of the contract discloses that it is an agreement of employment for a term of five years, effective July 8, 1955, continuing through July 7, 1960, under which plaintiff, denominated as “Second Party”, was required to perform specified services in connection with the installation, operation, maintenance and repair of radio, television, etc., equipment and apparatus. The compensation for the performance of the services enumerated, conditions of employment, etc., were specifically set forth in the contract.
Defendant’s exception is predicated upon the contention that the contract contained a potestative condition subjecting the agreement to termination by plaintiff at will.
After hearing on the exception the same was sustained and plaintiff’s suit dismissed for reasons assigned in a written opinion of the district judge. Subsequently plaintiff filed a motion for a rehearing and in connection therewith filed a supplemental and amended petition in which he alleged the existence of valuable and continuing considerations for the execution of the contract, and particularly the existence of good and valuable considerations for the inclusion in the agreement of the alleged potestative condition.
In a written opinion the district judge held that plaintiff’s supplemental and amended petition did not allege the nature of the consideration relied upon as supporting the objectionable condition, whereupon the judgment appealed from was rendered and signed.
The mooted condition of the agreement is found in Section 17 of Article III of the contract and reads as follows:
“The Party of the 2nd Part reserves the privilege to cancel this agreement at any time upon two (2) weeks notice.”
In support of its exception defendant relies upon the definition of a potestative condition as specified in Article 2024 of the LSA-Civil Code and the resultant nullity of an obligation based upon such a condition as declared in Article 2034.
It is contended on behalf of plaintiff, first, that the contract does not contain a purely potestative condition which would render the agreement void, and, second, that consideration (for the right to terminate the contract) must be presumed even in the absence of an express allegation with reference thereto, which presumption continues until the issue of consideration is established or denied by proof established on trial of the merits.
The issue tendered by this appeal requires us to enter that vague and uncertain twilight zone of our jurisprudence bearing upon the definition and application of the po-testative condition. We are amply supported in this conclusion of uncertainty by numerous distinguished commentators; cf. the observation of Honorable Wood Brown in his exhaustive discussion of “The Potesta-tive Condition in Louisiana,”
“ * * * There are very few general statements which can be truthfully made about the potestative condition in Louisiana. The cases have not apparently worked out any definite theory concerning this doctrine but are manifestly in considerable confusion.”
Reference is also made to the succinct expression of “ * * * the potestative con *603 dition confusion” in a comment upon conventional obligations by Dr. J. Denson Smith, 13 L.L.R. at page 240.
In the instant case we must decide, first, -whether the objectionable provision must be construed as a purely potestative condition, and, second, if our finding is affirmative in this respect, whether such construction results in striking down the whole contract as a complete and absolute nullity, in other words, a nudum pactum.
The pertinent articles of the LSA-Civil Code relating to potestative conditions are as follows:
"Art. 2024. The potestative condition is that which makes the execution of the agreement depend on an event which it is in the power of the one or the other of the contracting parties to bring about or to hinder.”
“Art. 2034. Every obligation is null, that has been contracted, on a potesta-tive condition, on the part of him who binds himself.”
“Art. 203S. The last preceding article is limited to potestative conditions, which make the obligation depend solely on the exercise of the obligor’s will; but if the condition be, that the obligor shall do or not do a certain act, although the doing or not doing of the act depends on the will of the obligor, yet the obligation depending on such condition, is not void.”
“Art. 2036. An obligation may also be made, by consent of the parties, to depend on the will of the obligee for its duration. Thus a lease may be made during the will of the lessor, and a sale may be made conditioned to be void, if the vendor chooses to redeem the property sold.”
“Art. 2037. Every condition must be performed in the manner that it is probable that the parties wished and intended that it should be.”
It is noted with interest from the arguments presented orally and in briefs, that counsel for defendant-exceptor rely upon Articles 2024 and 2034, whereas counsel for plaintiff confidently assert the application of Articles 2035, 2036 and 2037.
Conceding the well-established principle that contracts should be accorded that judicial interpretation, whenever possible, which would give them validity and effect, we proceed to a consideration of the issues above noted.
We find no difficulty in concluding that the objectionable contractual provision which is the crux of the instant case constitutes a potestative condition under the clear definition established by Article 2024. The unilateral right granted the plaintiff to terminate his employment and consequently to abrogate the continuance and effect of the contract itself, can only be construed as an eventuality which has clearly and exclusively been placed within his power to effect.
Nor would we find any difficulty in resolving the nullity of the obligation contracted on such a potestative condition under the provision of Article 2034, were it not for the apparent limitation and circumscriptions of the immediately following articles.
The bulk of our jurisprudence on this point appears to be made up of judicial interpretations, first, of employment contracts, all of which, unfortunately, appear to contain restrictive competitive covenants, and, second, of cases involving questions of .mineral law, in which, again unfortunately, the element of “substantial consideration” has been injected.
Learned counsel for defendant quotes at length from, and places substantial reliance upon, the holding of our Supreme Court in Blanchard v. Haber, 166 La. 1014, 118 So. 117, 119. As in the instant case one party relied upon Articles 2024 and 2034, while the other placed his dependence upon the limitations of Article 2035. The uncertain *604 ty of construction and the difficulty, if not impossibility, of reconciliation of these articles was observed in the opinion of Mr. Chief Justice O’Neill in the following words:
“That article (2035) was not taken from the French Code, and its meaning is not quite plan, or easy to reconcile with Articles 2024 and 2034.”
Although the opinion in the cited case appears to be sound authority for the interpretation and application of potestative conditions, we find that it has been subjected to considerable criticism in this respect and is generally considered by authoritative commentators as having reached a sound conclusion predicated more upon consideration of public policy (with respect to competitive agreements) than upon the asserted potestative condition (op. cit., “The Potestative Condition in Louisiana,” 6 Tulane Law Review, 23 et seq.; op. cit. “Work of the Supreme Court; Conventional Obligations, 13 Louisana Law Review, 240). The same implication is found in the opinions of Judge Foster in Cali v. National Linen Service Corporation, 5 Cir., 38 F.2d 35, and of Judge McCaleb in Martin-Parry Corp. v. New Orleans Fire Detection Service et al., 221 La. 677, 60 So.2d 83. Indeed, the latter opinion specifically rejected both grounds enunciated in the opinion in the Blanchard case, the first in that it was erroneous because it effected a division of the contract, and the second, involving the potestative nature of the condition, in that the right of termination of the contract under consideration was mutually accorded to both parties.
In our opinion the most convincing pronouncements as to the definition and effect of potestative conditions are found in Martin-Parry Corp. v. New Orleans Fire Detection Services et al., supra; Stephen L. Guice & Co., Inc. v. Perkowski, 12 So.2d 692, and Chavez v. United Motor Car Company, Inc., La.App., 151 So. 807.
In the Martin-Parry case the opinion contained the following pronouncement:
“ * * * a potestative condition exists only when there is an exclusive right in one party.” [221 La. 667, 60 So.2d 86.]
In the Guice case, which opinion, coin-cidently, was also written by Judge Mc-Caleb while a member of the Orleans Court of Appeal, we find the following more detailed observation with reference to the codal articles:
“The above-quoted articles make it perfectly clear that all potestative conditions are not null. It is only those potestative conditions which are dependent solely upon the will, whim or caprice of the obligor which are repro-bated. In other words, if the condition shows on its face that the obligor is not required to perform and that he may or may not fulfill it according to his desire, then the obligation is null as to him under the provisions of Articles 2034 and 2035 of the Code. On the other hand, if the condition imposes on the obligor the duty of fulfilling it or of making a sincere effort towards its fulfillment, then it is not purely potestative but only potestative in the sense that the obligor is in a position to hinder or prevent the execution of the contract. Unquestionably, such conditions are enforceable under the provisions of Article 2035 of the Code which restricts the nullity provided for in Article 2034 to cases where the fulfillment of the condition depends solely on the will of the obligor — that is, to cases where the contract exhibits that the parties do not contemplate that the obligor is required to perform the condition unless he sees fit.” [12 So.2d 695].
The same conclusion was reached in the article by Mr. Brown, cited supra, when he suggested that a revision of Article 2034 “ * * * would probably do much to clarify the present misunderstanding.” *605 The suggested revised article which the author observed would follow the intended meaning of the authors of the French Code and further “* * * which has the practical value of affording the Louisiana courts the clear basis for departing from the confused mass of present decisions”, would read as follows:
“Every obligation is null which has been contracted subject to a purely potestative condition on the part of the obligor, that is, a condition which may be fulfilled by the simple exercise of the obligor’s will, and nothing more.”
In Chavez v. United Motor Car Company, supra, the opinion of Judge Higgins, a member of the Orleans Court of Appeal, contained the following observation:
“ * * * one or both of the parties had it within their power to defeat the purpose of the contract. We think the stipulation is a potestative condition and the contract is, therefore, a nudum pactum.” [151 So. 809.]
Adopting the reasoning expressed in the above comments and opinions, which appear to us to best conform and more reasonably construe and interpret the codal articles, we can only conclude that the contractual provision involved in the instant case must be considered as constituting a purely potestative condition which has the effect of rendering the agreement a nudum pactum and consequently unenforceable. To hold that the termination of a contract of employment under the provisions in question is not the exercise of a condition solely dependent upon the “will, whim or caprice” of the obligor would do violence to the clear meaning, intent and purpose of the provision which vested him with such a right.
Nor are we swayed from our conclusion by the urgent argument of learned counsel for appellant who contends that the contract either specifically comprehends or impliedly presupposes a “consideration” for the unilateral right of termination thereof. Our examination of the contract discloses no basis upon which we might separate and divide the consideration into segments and apply one portion to the support of a specific provision, another to another, etc. It is our opinion that the contract must be considered and interpreted as a whole and under such contemplation the effect of nullity by reason of a prohibited condition is inescapable.
Inter alia, counsel for appellant argues, upon the basis of J. R. Watkins Co. v. Gann et al., La.App., 159 So. 747, that a contract is not invalid solely by reason of a provision which gives one of the parties the right of termination, observing that the cited case is the only one in Louisiana, which counsel has been able to find, bearing squarely on this point. Examination of the cited case does not justify the conclusion urged. The opinion of the court referred to the holding in another case by the same court (First Circuit Court of Appeal), J. R. Watkins Co. v. Brown, 8 La.App. 45, 46, which rejected the contention that the contract contained a potesta-tive condition. The holding in the Brown case was predicated upon the proposition that the right of plaintiff company was restricted to an advancement of the time of payment without, however, discharging the principal and sureties under the contract from their obligations.
With respect to the relief sought by defendant in answer to the appeal, we observe no ground for the somewhat conditional judgment which sustained the exception and dismissed plaintiff’s demands as of nonsuit. In our opinion defendant was entitled to be accorded the full extent of relief flowing from the maintenance of its exception, and, if same was properly sustained, it follows that plaintiff’s demands should have been dismissed.
For the reasons assigned the judgment appealed from is amended to the extent of dismissing plaintiff’s suit and rejecting his demands at his cost, and as so amended, it is affirmed.