

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

January 26, 1967

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Dear Mr. Calvert:

Opinion No. M-15

Re: Constitutionality of
Article 14.07(2), Ch. 14,
Title 122A, Taxation-
General, V.C.S.

Article 14.07(2), Chapter 14, Title 122A, Taxation-General, Vernon's Civil Statutes reads as follows:

"(2) Resident Decedent. In the event a resident of this State dies, leaving any estate subject to an inheritance tax, situated partly within and partly without this State, the inheritance tax imposed upon the share of any beneficiary of said estate situated in Texas shall be a tax which shall bear the same ratio to the amount such tax would be if his entire share and interest were situated in Texas, before allowable beneficiary deductions, bears to the total value of such beneficiary's share in such decedent's estate, wherever situated, before allowable beneficiary deductions are made."

We quote the following excerpt from your letter requesting the opinion of this office on the constitutionality of the above quoted statute.

"Our interpretation of the provisions of said Article is calculated as follows:

| | |
|---|---|
| Gross Estate Wherever Situated | $115,486.14 |
| Less: Funeral and Administration Expenses, Debts of the Decedent, Mortgages and Liens | 45,531.57 |
| Net Estate Wherever Situated | $ 69,954.57 |

- 55 -

Gross Estate Situated in the State of Texas     $ 32,806.14
Less: Debts (Percentaged as follows)

$$\frac{\$32,806.14}{115,486.14} \times \$45,531.57 = \underline{12,935.52}$$

Net Estate Situated in the State of
Texas     $\underline{\underline{\$19,870.62}}$

$\sqrt{X}$, a niece of the decedent,$\underline{7}$ inherited
the total net estate.

Net Estate Wherever Situated     $69,954.57
    $\underline{10,000.00}$ - Exempt
    59,954.57
    $\underline{15,000.00}$ @ 3% =     $450.00
    44,954.57
    $\underline{25,000.00}$ @ 4% =     1,000.00
    19,954.57 @ 5% =    $\underline{997.73}$

Total Texas Inheritance Tax Due if Entire
Net Estate Was Situated in the State of
Texas     $2,447.73

Percentage of Net Estate Situated in the
State of Texas    $\dfrac{\$19,870.62}{69,954.57}$ =     .2841

Total Texas Inheritance Tax     $\underline{\underline{\$\ 695.40}}$"

     You state that the attorneys for the estate take the position that the provisions of Article 14.07(2) are unconstitutional under Section 1 of Article VIII of the Texas Constitution. You further state that the attorneys also refer to a regulation in the Comptroller's pamphlet (entitled "Inheritance Tax and Federal Estate Credit") at page 20. This regulation states in substance that the State of Texas does not impose an inheritance tax on real property of a Texas decedent if it is located outside the State. With regard to this regulation, you state that it was correct under the old law but "this regulation is now obsolete and was inadvertently left in the pamphlet when House Bill 1182, Acts of the 59th Legislature, made the changes in our Inheritance Tax Law. A new printing of our pamphlet will omit this regulation."

     The brief which has been filed by the attorneys for the estate further challenges the efficacy of Article 14.07(2) on the

ground that the caption of House Bill 1182 is defective. Another defect is alleged as follows:

"Article 14.07(2) is defective since the application of such statute requires the calculation of two unknown factors in a four-factor equation. Such defect is apparent when Article 14.07(2) is compared with Article 14.07 (1), the immediate next preceding statute. It is obvious that the phrase 'as the total value of the beneficiary's share of the decedent's estate which is situated in Texas' was left out of Article 14.07(2), and that such phrase must be inserted immediately next preceding the phrase 'before allowable beneficiary deductions' before the calculation of any tax is possible."

Article 14.07(1) reads as follows:

"(1) Non-resident Decedent. The inheritance tax imposed upon every beneficiary's share of the estate of a non-resident decedent shall be a tax which, in amount, bears the same ratio to the entire tax for which the beneficiary's interest would be liable if the entire estate were situated in Texas, as the total value of the beneficiary's share of the decedent's estate which is situated in Texas, before allowable beneficiary deductions are made, bears to the total value of the beneficiary's entire share in the estate of the non-resident decedent wherever situated, before allowable beneficiary deductions are made."

We shall first pass upon the constitutionality of Article 14.07(2). We think that the decision in State v. Hogg, 72 S.W.2d 593 (1934), a Commission of Appeals Opinion adopted by the Supreme Court, disposes of the contention that the provisions of Article 14.07(2) are in violation of the provisions of Section 1 of Article VIII of the Texas Constitution, requiring taxation to be equal and uniform. In Hogg, the court held that the provisions for different exemptions and percentages or rates in the various classification provisions of the inheritance tax statutes were constitutional. The basis of this holding was that inheritance taxes are "privilege taxes"; and that

since they are a tax on the right of succession and not on the property passing, such classification provisions were valid. Before reaching this conclusion, the court pointed out the fundamental rule that where a statute is susceptible of two constructions, every possible presumption in favor of its constitutionality will be made; and such presumptions will prevail until the contrary is shown beyond a reasonable doubt. The basic principle of this case has been followed in subsequent inheritance tax cases.

Under the reasoning of this decision, we think it is clear that the legislature may specifically provide two different classifications for a resident decedent, making the classification depend on the location of the property of the decedent. Even though such classification results in different amounts of taxes, it is no more discriminatory that the classification provisions based on relationship to the decedent.

With regard to discrimination, the attorneys for the estate made the following statement at page 6 of their brief:

"Article 14.07(2) is discriminatory in character since a Texas decedent who owns no real property outside of the State of Texas is taxed at a lower rate than a Texas decedent who owns real property outside of the State of Texas."

We think that the Supreme Court of the United States disposed of this argument in Maxwell v. Bugbee, 250 U.S. 525 (1919). At pages 540, 541, the court said:

"'. . . They /Inheritance taxes/ are based upon two principles: 1. An inheritance tax is not one on property, but one on the succession. 2. The right to take property by devise or descent is the creature of the law, and not a natural right — a privilege, and therefore the authority which confers it may impose conditions upon it. From these principles it is deduced that the States may tax the privilege, discriminate between relatives, and between these and strangers, and grant exemptions; and are not precluded from this power by the provisions

of the respective state constitutions re-
quiring uniformity and equality of taxation.'"

The rule of immunity from taxation by a state, upon the
transfer, on the death of the resident owner, of property hav-
ing an actual physical location or situs in another state, does
not apply to such a statute as Article 14.07(2). This statute
merely uses the entire estate, wherever situated, in determining
the rate of tax to be applied to the transfer of property within
the state and does not purport to compute the tax with respect
to the part within the state on the value of the whole. Conse-
quently, such a statute is not unconstitutional. 28 Am.Jur. 207,
Inheritance, Estate, and Gift Taxes, Sec. 270; Maxwell v. Bugbee,
supra.

Maxwell also disposes of the due process problem. In
Maxwell, the court held that the fact that a state tax on suc-
cession to local property of a non-resident decedent is measured
by the ratio in value of such property to the entire estate, in-
cluding real and personal property in other states, does not make
it a tax on property beyond the jurisdiction of the state and is
therefore not violative of the due process clause of the Fourteenth
Amendment. At page 539, the court said:

"It is not to be disputed that, con-
sistently with the Federal Constitution,
a State may not tax property beyond its
territorial jurisdiction, but the subject-
matter here regulated is a privilege to
succeed to property which is within the
jurisdiction of the State. When the State
levies taxes within its authority, property
not in itself taxable by the State may be
used as a measure of the tax imposed. This
principle has been frequently declared by
decisions of this court. . . In the present
case the State imposes a privilege tax,
clearly within its authority, and it has
adopted as a measure of that tax the pro-
portion which the specified local property
bears to the entire estate of the decedent.
That it may do so within limitations which
do not really make the tax one upon property
beyond its jurisdiction, the decisions to

which we have referred clearly establish.
The transfer of certain property within the
State is taxed by a rule which considers the
entire estate in arriving at the amount of
the tax. It is in no just sense a tax upon
the foreign property. real or personal. It
is only in instances here the State exceeds
its authority in imposing a tax upon a subject
matter within i's jurisdiction in such a way
as to really amount to taxing that which is
beyond its authority, that such exercise of
power by the State is held void. . . . To
say that to apply a different rule regulating
succession to sident and nonresident de-
cedents is to levy a tax upon foreign estates,
is to distort the statute from its purpose to
tax the privilege, which the statute has cre-
ated, into a property tax, and is unwarranted
by any purpose or effect of the enactment, as
we view it."

In holding that the equal protection of the law clause of
the Fourteenth Amendment was not violated, the Maxwell case further
declares at pages 541 and 543:

"Equal protection of the laws requires
equal operation of the laws upon all persons
in like circumstances. Under the statute, in
the present case, the graduated taxes are
levied equally upon all interests passing from
non-resident testators or intestates. The tax
is not upon property, but upon the privilege of
succession, which the State may grant or withhold.
It may deny it to some and give it to others.
The State is dealing in this instance not
with the transfer of the entire estate, but only
with certain classes of property that are subject
to the jurisdiction of the State. It must find
some rule which will adequately deal with this
situation. It has adopted that of the proportion
of the local estate in certain property to the
entire estate of the decedent. In making classi-
fication, which has been uniformly held to be with-
in the power of the State, inequalities necessar-
ily arise, for some classes are reached, and others
omitted, but this has never been held to render

such statutes unconstitutional. Beers v. Glynn, 211 U.S. 477. This principle has been recognized in a series of cases in this court . . . It has been uniformly held that the Fourteenth Amendment does not deprive the States of the right to determine the limitations and restrictions upon the right to inherit property, but 'at the most can only be held to restrain such an exercise of power as would exclude the conception of judgment and discretion, and which would be so obviously arbitrary and unreasonable as to be beyond the pale of governmental authority.' . . . The Fourteenth Amendment does not diminish the taxing power of the State, but only requires that in its exercise the citizen must be afforded an opportunity to be heard on all questions of liability and value, and shall not, by arbitrary and discriminatory provisions, be denied equal protection. It does not deprive the State of the power to select the subjects of taxation. But it does not follow that because it can tax any transfer (Hatch v. Reardon, 204 U.S. 152, 159), that it must tax all transfers, or that all must be treated alike.

"The question of equal protection must be decided as between resident and non-resident decedents as classes, rather than by the incidence of the tax upon the particular estates whose representatives are here complaining. Absolute equality is impracticable in taxation, and is not required by the equal protection clause. And inequalities that result not from hostile discrimination, but occasionally and incidentally in the application of a system that is not arbitrary in its classification, are not sufficient to defeat the law."

Maxwell was concerned with the validity of a statute which dealt with non-resident decedents differently from resident decedents in determining the amount of the inheritance tax. In 14.07(2), we are concerned with a distinction

between resident decedents, said distinction being based on whether the resident decedents owned property outside this State as well as within this State. We deem this difference in the statute under consideration to make no difference in the applicability of the principles enunciated in Maxwell. We therefore hold that Article 14.07(2) in no way violates the Fourteenth Amendment.

Their contention is that the state is bound by its error in failing to revoke or cancel its prior regulation promulgated under the old statute and inadvertently included in its published booklet entitled "Inheritance Tax and Federal Estate Tax Credit State of Texas 1965." However, it further appears that there has been no administrative or departmental practice, construction, or interpretation applying the statute in such a way as to omit real property of decedents in other states in determining the rate of tax to be applied. Under such circumstances, we cannot hold that the state is bound to its prejudice by such an error. In any event, it is well settled in Texas, and elsewhere, that the state does not lose its right to taxes by reason of laches, estoppel, or acts of negligence or inadvertence of its officers; for it cannot be thereby cut off from the lawful exercise of its sovereign powers. State v. Federal Land Bank of Houston, 160 Tex. 292, 329 S.W.2d 847 (1959); City of San Marcos v. Zimmerman, 361 S.W.2d 929 (Tex.Civ.App. 1962, error ref., n.r.e.); Schriver v. Board of Com'rs of Sedgwick County, 189 Kan. 548, 370 P.2d 124 (1962); Inhabitants of Town of Milo v. Milo Water Co., 13 Me. 372, 163 A. 163 (1932); Institute for Trend Research v. Griffin, 139 A. 2d 268 (1958); Leonard v. State, 242 S.W.2d 199, 200 (Tex.Civ.App. 1951, no writ hist.); North American Co. v. Green, 129 So.2d 603 (1959); Consolidated Co. of New York v. State Tax Commission, 261 N.Y.S.2d 769 (1965); Walker-Hill Co. v. United States, 162 F.2d 259 (7th Cir. 1947), cert.den. 323 U.S. 771.

The next contention is that the title of House Bill No. 1182 enacted in 1965 is insufficient for failure to contain a statement that the inheritance tax was to be computed by including real property of Texas decedents located outside Texas. This contention is further buttressed by a statement in the title, wherein it is recited that the act is "levying no new taxes." It is thus ultimately contended that the statute should not be construed to change the prior laws and administrative construction thereof.

Honorable Robert S. Calvert, page 9 (M-15)

The caption of House Bill No. 1182, Acts 1965, 59th Leg., p. 830, reads as follows:

"An Act concerning payment and administration of the Inheritance Tax; amending Chapter 1, Acts of the 56th Legislature, Third Called Session, 1959, being Chapter 14, Title 122A, 'Taxation-General' of the Revised Civil Statutes of Texas, as amended; providing for a new Article 1.032 to Chapter 1 of said Title 122A (Deficiency Determination and Redetermination); repealing Chapter 15 of said Title 122A; repealing that part of Chapter 192, Acts of the 43rd Legislature, 1933, as amended, being Article 107a and Article 107b, Vernon's Annotated Penal Code of Texas (Inheritance Tax Reports) and Acts 1923, Second Called Session, page 67, being Article 140 of said Penal Code (Inheritance Tax Reports); repealing certain Articles of said Chapter 14; making no other changes in any other Chapters of said Title 122A and levying no new taxes; providing a savings clause; providing a severability clause; providing for an effective date; and declaring an emergency."

It is apparent that the statute not only repealed Chapter 15, but also amended, revised, and changed Chapter 14, adding some new provisions, including Article 14.07(2). The effect of these changes was to create a new statute subject to a new construction. 53 Tex.Jur.2d 136, Statutes, Sec. 90, 82 C.J.S. 411, Statutes, Sec. 243. Where the legislature has incorporated new matter into the statute, or has changed the meaning or application of previous laws, the addition and changes must be given effect. American Indemnity Co. v. City of Austin, 112 Tex. 239, 246 S.W. 1019 (1922); Gately v. Humphrey, 151 Tex. 588, 254 S.W.2d 98 (1952).

An amended act is to be construed as if the original statute had been repealed, and it will be presumed that a change in the law was intended to which the courts will give effect. American Surety Co. of New York v. Axtell Co., 122 Tex. 166, 36 S.W.2d 715 (1931).

While the matter of the computation or measure of the tax was not expressly mentioned in the caption, it was not necessary

to do so because the title sufficiently indicates the general subject of the act and gives sufficient notice that a substantial change as to its provisions for application and computation may be expected.

A liberal construction of the title as a whole must be given, and every intendment in favor of its constitutionality and every doubt must be resolved in favor thereof. 82 C.J.S. 377, Statutes, Sec. 220; Gulf. Ins. Co. v. James, 143 Tex. 424, 185 S.W.2d 966 (1945). Such rules also apply to taxation, including inheritance and estate taxes. 82 C.J.S. 391, 393, Statutes, Sec. 226.

The declaration in the title that no new tax is being levied simply means what it says. No new tax is levied in that the nature and character of the inheritance tax as a privilege tax has not been changed. Since the method of computation is held not to amount to a direct tax upon the decedent's property outside the state, we conclude that no new tax is in law being levied. Consequently, the title is not deficient in failing to expressly mention that specific subject matter. 53 Tex.Jur. 2d 93-98, Statutes, Sec. 52.

Finally, they contend that Article 14.07(2) is defective because its application requires a construction of reading into the statute the phrase "as the total value of the beneficiary's share of the decedent's estate which is situated in Texas" immediately next preceding the phrase "before allowable beneficiary deductions." This becomes apparent in comparing Article 14.07(2) with Article 14.07(1). However, such a construction is reasonable and proper to give effect thereto and in rendering the statutes harmonious.

In construing a statute, if a word or phrase must be added to a particular part or section in order to carry out the manifest intention of the legislature, as disclosed by the entire enactment, the missing word or phrase may be added. 53 Tex.Jur. 2d 201, Statutes, Sec. 138.

If two reasonable constructions of a statute can be obtained, then clearly in the public interest, the construction given the statute by the official charged with the administration of the statute should be given effect. Yoakum County v. Slaughter, 109 Tex. 42, 195 S.W. 1129 (1917); Thompson v. Calvert, 301 S.W.2d 496 (Tex.Civ.App. 1957); Koy v. Schneider, 110 Tex. 369,

221 S.W. 880 (1920).

## S U M M A R Y

Article 14.07(2) of Title 122A, Taxation-General, is not unconstitutional in using the resident decedent's entire estate wherever situated as one factor in determining the rate of tax to be applied to the succession of property within the State.

Such amended statute does not levy a new tax, and its title is sufficient to give notice of its substantive change in tax computation.

The State is not bound by an erroneous or inadvertent error in the promulgation of its regulations; and neither laches, estoppel, waiver, nor the negligent or inadvertent acts of its officers will prevent the State from properly construing or enforcing the tax statute.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by:
Marietta McGregor Payne
Kerns B. Taylor
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE
Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
Neil Williams
Gordon Cass
Pat Bailey

STAFF LEGAL ASSISTANT:
A. J. Carubbi, Jr.