LOBRANO, Judge.
This is a suit by Edwin A. O’Neal, Kent A. Matulich and Darrel Griffin (appellants) against Delgado University, Board of Trustees for State Colleges and Universities and Dr. Harry J. Boyer (appellees) seeking recovery under the Teacher Tenure Act, (R.S. 17:471), and damages for changing their employment status from a 12 month employee to a 9 month employee. After trial on the merits, the lower court dismissed appellants’ claim. We affirm.
Prior to September 9, 1979 appellants were faculty members at Delgado Community College. On September 10, 1979 a faculty meeting was called by Dr. Boyer, acting president, at which time appellants were informed that as of September 9,1979 they were being employed on a 9 month basis instead of a 12 month basis. At the same time each was presented with a document entitled “FULL WAIVER AND SETTLEMENT OF ANNUAL LEAVE”. This document provided that appellants would waive their rights to accrue annual leave *375 after September 9, 1979 in return for an increase in their monthly pay based on a 9 month term. The annual leave that had been accrued prior to September 9, 1979 was not lost but could be (1) used for retirement, (2) used in accordance with Board of Trustee Policy and (3) used as provided by State law upon separation or transfer. After careful consideration each signed the agreement indicating acceptance. By doing so, the trial court found that appellants waived their rights to claim accrued annual leave, as well as any other damages.
Appellants argue that they were forced or threatened into accepting the agreements. They allege their consent was lacking, thus vitiating the contract citing Civil Code Articles 1819, 1850 and 1851. The facts clearly show that each had the document in his possession for up to two weeks prior to signing same. Each appellant testified that they were urged to accept the agreement, but were never threatened with physical harm or forced in any way. Ken Matulich placed an asterisk by his name indicating he reserved his rights under the Teacher Tenure Act. O’Neal and Griffin placed an asterisk by their names indicating they had not sufficient time to secure legal counsel. All three appellants testified that they were under the impression that they would lose further benefits if they did not sign, a fact which the trial judge concluded was not proved.
Once an expressed consent is communicated it can only be attacked by showing that it was not freely given because a party was laboring under error, fraud, violence or threats. La.C.C. Art. 1819. The degree of fear, violence or threats necessary to void a contract is set forth in Article 1851 as follows:
“Article 1851. It is not every degree of violence or every kind of threats that will invalidate a contract; they must be such as would naturally operate on a person of ordinary firmnéss, and inspire a just fear of great injury to person, reputation or fortune. The age, sex, state of health, temper and disposition of the party, and other circumstances calculated to give greater or less effect to the violence or threats, must be taken into consideration.”
We agree with appellant’s argument that mere consent in writing will not automatically make an agreement valid. See, Tobin v. Louisiana Board of Education, 319 So.2d 823 (La.App. 1st Cir.1975). However, when a party’s consent is expressly given, the burden is upon him to prove a lack of consent sufficient to vitiate the contract similar to the situation where fraud is alleged to vitiate a contract. See, Hall v. Arkansas-Louisiana Gas Co., 368 So.2d 984 (La.1979); Long v. Foster and Associates, Inc., 129 So.2d 601 (La.App. 2nd Cir.1961); American Guaranty Co. v. Sunset Realty and Planting Co., Inc., 208 La. 772, 23 So.2d 409 (1945). This the appellants failed to do, and therefore they are not entitled to any accrued annual leave benefits from September 9, 1979.
Additionally, appellants argue that they are entitled to damages because they were reduced from a 12 month employment period to a 9 month employment period. As a result they claim loss of various benefits, including retirement benefits, in amounts of $91,308.00 for O’Neal, $67,500.00 for Matulich and $22,000.00 for Griffin. The trial judge concluded in his oral reasons for judgment that appellants did not prove by a preponderance of the evidence that they had a binding contract with Delgado for a 12 month period. In fact, the trial judge stated, “I would think that the school probably has every right to say we are going to make this a nine month school or a six month school or anything else.” We agree with trial court’s findings. Even assuming arguendo that the “WAIVER AND FULL SETTLEMENT OF ANNUAL LEAVE” were held to be invalid, the appellants still have not proven that Delgado did not have the right to reduce their employment term from 12 months to 9 months. Further, the testimony of Mrs. Evelyn Sis-trunk who is head of the benefit department of the Teacher’s Retirement System of Louisiana, and Robert E. West, Jr. comptroller of Delgado, convince this Court that *376 appellants have failed to prove any loss in benefits as a result of the change in their status, except for the fact that they were working for 9 months instead of 12.
Finally, the trial court dismissed as premature appellants’ claim that their rights under the Teacher Tenure Act had been violated. The trial court held that the administrative procedures required by R.S. 49:950 had not been complied with. We do not decide this issue since appellants are not clear as to the exact relief they seek. This factor apparently caused concern throughout the trial because the trial judge repeatedly questioned appellants’ counsel as to just what it was they were seeking. We conclude that appellants’ claim is one for monetary damages and accrued annual leave from September 9, 1979. We hold that they compromised their accrued annual leave in return for an increase in pay, and that they failed to prove Delgado could not change their status to a 9 month employee, or that they sustained any damages because of said change.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
REDMANN, C.J., concurs.